## In re FISHER.

District Court, S. D. New York.
May 18, 1931.

Hays, Hershfield, Kaufman & Schwabacher, Henry H. Kaufman, and Hyman N. Glickstein, all of New York City, for the Irving Trust Co.

McManus, Ernst & Ernst and Irving L. Ernst, all of New York City, for the bankrupt.

KNOX, District Judge.

It appears that the witness William Bernstein acted as bankrupt's accountant for a number of years, and, after his admission to

the bar, also acted as bankrupt's attorney. Upon the basis of the privilege arising from the attorney-client relationship, he has refused to answer questions relating to bankrupt's books and to produce in evidence monthly account sheets made by accountants in his employ in course of auditing bankrupt's books.

There is no privilege with regard to communications made to accountants. The information given to the witness and to the accountants in his employ for the purpose of making financial statements and doing other work characteristically performed by accountants is not privileged, despite the fact that the witness may also have rendered legal advice on the basis of such data. See Matter of Robinson, 140 App. Div. 329, 125 N. Y. S. 193, where it was held that an attorney for a corporation, who was one of its directors, could not refuse to disclose information about corporate affairs by claiming his professional privilege.

Furthermore, the privilege accorded to an attorney is the privilege of the client and not of the attorney. Baumann v. Steingester, 213 N. Y. 328, 107 N. E. 578, Ann. Cas. 1916C, 1071. For this reason the attorney cannot claim privilege where the client has already disclosed the substance of the communication. Baumann v. Steingester, supra. Nor can he claim privilege where the communication was made with the understanding that it was to be imparted to third parties. Rosseau v. Bleau, 131 N. Y. 177, 30 N. E. 52, 27 Am. St. Rep. 578.

In the case at bar it appears that the bankrupt has already testified with respect to the matters contained in his books and records. And the income tax returns and financial statements drawn up from the communications made by bankrupt to the witness were obviously intended to be communicated to others.

For these reasons, the witness should be directed to testify with regard to the bankrupt's books and to produce in evidence the monthly work sheets made by the accountants.