**UNITED STATES of America and Eugene D. Brown, Special Agent, Internal Revenue, Service,**

v.

**James E. THRELKELD.**

**Civ. A. No. C-65-44.**

United States District Court
W. D. Tennessee, W. D.
April 12, 1965.

Thomas L. Robinson, U. S. Atty., Memphis, Tenn., Frank N. Gundlach, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., for plaintiff.

John D. Walt, Memphis, Tenn., for defendant.

**BAILEY BROWN, District Judge.**

This is a petition under 26 U.S.C. §§ 7402 and 7604 to compel testimony and the production of documents before an Internal Revenue agent. A summons has heretofore issued and been served on respondent pursuant to 26 U.S.C. §§ 7602 and 7603 requiring him to appear and testify and produce certain documents. Respondent appeared before the agent, but refused to answer certain questions and to produce certain documents, claiming, as an attorney, the attorney-client privilege. (Respondent expressly does not claim the privilege against self-incrimination or any other privilege.) All of this has to do with the investigation and audit of the estate tax return prepared by respondent for and filed by the estate of Clarence L. Montgomery.

At the hearing on this petition, counsel for respondent conceded that at least some of the questions he refused to an-

swer and the documents he refused to produce must be answered or produced. His refusal to do so at the hearing before the agent, his counsel stated, was based on his concern over the penalty contained in Sec. 29–307, T.C.A. This state statute provides that an attorney who violates his obligation under the state created attorney-client privilege (Sec. 29–305, T.C.A.) is subject to a fine, imprisonment and having his name stricken from the rolls. Respondent therefore wants the protection of a court order. Moreover, at the hearing on this petition, respondent took the stand and actually answered practically all, if not all, of the questions heretofore propounded to him by the agent. However, no documents were produced and the agent may have other questions to propound. Accordingly, the purpose of this memorandum is to develop the applicable principles so that it will be clear what questions must be answered and what documents must be produced.

■ As stated, respondent relies on the state created privilege. Petitioner contends, on the other hand, that only federal law is applicable. Although there is authority that state law should govern (Baird v. Koerner, 279 F.2d 623 (C.A. 9)), Colton v. United States, 306 F.2d 633 (C.A.2) holds that federal law governs and this is the better reasoned opinion. Certainly, uniformity is desirable in the application of the attorney-client privilege in tax investigations.

■ The next question to be decided is whether respondent was acting as an attorney or as a certified public accountant in gathering the necessary information for and in preparing the return. The proof shows that respondent is a qualified c. p. a as well as a lawyer. But it appears clear that he holds himself out only as a lawyer and was employed as a lawyer and therefore is entitled to claim the privilege to the extent that it be available. 8 Wigmore on Evidence (Mc-Naughton Rev.) Sec. 2302.

■ It should appear clear that respondent is required to answer with whom he contracted for his services and what services he contracted to render. An adversary is entitled to know the identity of the client. 8 Wigmore, Sec. 2313. Moreover, it is necessary to have this information to determine whether a communication claimed to be privileged is actually privileged, e. g. it must be known whether it was communicated by the client and whether it was communicated within the scope of the attorney's employment. 8 Wigmore, Sec. 2292.

■■ The fee arrangement between attorney and client must be divulged. This fact *may* be relevant on the question whether the respondent was acting as an attorney or as a c. p. a. (This is one of the facts divulged by respondent at the hearing in this Court, and, as seen, this Court has already determined that respondent was acting as an attorney.) Moreover, it could not be that the client intended that the fee be confidential since respondent must report it on his income tax return. The communication, to be privileged, must be in confidence. 8 Wigmore, Sec. 2292.

■■ Respondent must divulge from whom he received the information used for preparing the return. This is true because if the information is communicated by someone other than the client or his agent, it is not privileged. 8 Wigmore, Sec. 2317.

■ Any communication by the client with the understanding that the information would be inserted in the return must be divulged. Colton v. United States, 306 F.2d 633 (C.A.2). The reason is that, with such an understanding, it could not be intended to be confidential.

■ Information communicated by the client with the direction that it not be inserted in the return or with the direction that it be, or not be, so inserted in the discretion and judgment of respondent need not be divulged unless respondent has heretofore voluntarily divulged the contents of the communication to an Internal Revenue agent in the course of respondent's representation of the client. If respondent has heretofore so divulged the contents of a communica-

tion, he has, within the scope of his authority, in effect waived the privilege. 8 Wigmore, Sec. 2325.

 Respondent must answer as to what assets he had knowledge of and what he knew of the deceased's legal relation to those assets at the time he prepared the return. Respondent's state of mind is not protected by this privilege; this is made clear by merely stating the definition of the privilege. 8 Wigmore, Sec. 2292.

 All documents in respondent's possession which do not under principles herein set out constitute privileged communications from the client must be produced, e. g., financial books and records, deeds, and instruments of inter vivos transfer, whether or not the documents were delivered to respondent by the client. This would include, of course, a rough draft of the return prepared by respondent. Bouschor v. United States, 316 F.2d 451 (C.A.8), 8 Wigmore, Sec. 2307.

Counsel will prepare an order consistent with this memorandum.