John P. CARO and Mary Caro, husband and wife, John P. Caro and Mary Caro, partners, t/a Carolyn Courts, Caro Equipment Co., Inc., and Caro Motor Sales and Services, Inc., Plaintiffs,

v.

John H. BINGLER, Cresson O. Davis, Frank J. Driscoll and Herbert Cohen, Defendants.

Civ. A. No. 65–564.

United States District Court
W. D. Pennsylvania.

June 17, 1965.

John Ray, Beaver, Pa., for plaintiffs.

Gustave Diamond, U. S. Atty., Pittsburgh, Pa., Cresson O. Davis, Chief of Intelligence, Internal Revenue Service, Pittsburgh, Pa., for defendants.

GOURLEY, Chief Judge:

In this civil action plaintiffs request that summonses issued by the Internal Revenue Service to Plaintiffs John P. Caro and Mary Caro directing them to appear before Agent Frank J. Driscoll with certain records enumerated in said summonses be quashed; that defendants be directed to return records delivered to them by plaintiffs on February 2 and 8, 1965, and directed not to use or attempt to use any information obtained from such records in attempting to secure the conviction of plaintiffs for the criminal violation of any provision of the Internal Revenue Code of the United States.[1]

---

1. This action was originally commenced by a pleading entitled "Motion" which recited the same facts and requested the same relief as the complaint. During the hearing it appeared that plaintiffs' original pleading did not comply with the Federal Rules of Civil Procedure since no defendant was named and no basis for jurisdiction was recited. Application of Howard, 325 F.2d 917 (C.A.3, 1963).

## FINDINGS OF FACT

The Court enters the following Findings of Fact:

1. John P. Caro and Mary Caro reside in the Borough of Everett, Bedford County, in the Western District of Pennsylvania.

2. John P. Caro is President and owns 99% of the common stock of Caro Motor Sales and Service, Inc., a Pennsylvania Corporation, located in Everett, Pennsylvania.

3. John P. Caro is President and owner of approximately 84% of the common stock of Caro Equipment Company, Inc., a Pennsylvania Corporation, located in Everett, Pennsylvania.

4. John P. Caro operated in an individual capacity a motel enterprise referred to as Carolyn Courts.

5. No partnership agreement was ever entered into between John P. Caro and Mary Caro with respect to the operation of Carolyn Courts.

6. Carolyn Courts has never filed a partnership return.

7. The Carolyn Courts' records reflect a drawing account and an investment account solely in the name of J. P. Caro.

8. On February 2, 1965, Revenue Agents Driscoll and Cohen contacted John P. Caro at Caro Motor Sales and Service, Inc.

9. On February 2, 1965, the agents identified themselves and told John P. Caro the purpose of their visit. Caro was advised that an investigation was being conducted for the years 1959 through 1963 relating to his personal returns, which included Carolyn Courts; Caro Equipment Company, Inc., and Caro Motor Sales and Service, Inc. The taxpayer was informed that there were allegations of fraud in the case and that the agents wished to ascertain the true facts. The taxpayer was informed that he did not have to turn over any personal records or the records of Carolyn Courts or make any statement which might tend to incriminate him under the Fifth Amendment. The taxpayer was advised that the agents could issue a summons for the corporation records. The taxpayer was advised that he had a right to an attorney. The taxpayer replied that he had nothing to hide and that the agents could examine any records they wished. The taxpayer stated that the agents could take the records and instructed his son, Michael Caro, to turn over to the agents all the records that they requested.

10. On February 2, 1965, and on February 8, 1965, certain records pertaining to John P. Caro, Mary Caro, Carolyn Courts, Caro Equipment Company, Inc., and Caro Motor Sales and Service, Inc., were turned over to the revenue agents.

11. Mary Caro was not present when the revenue agents contacted John P. Caro.

12. On May 13, 1965, an Internal Revenue Service summons was issued to Caro Motor Sales and Service, Inc., at Everett, Pennsylvania. Said summons, returnable on May 28, 1965, at 1101 Federal Office Building, 1000 Liberty Avenue, Pittsburgh, was served on May 13, 1965, upon John M. Caro, a corporate officer. The aforesaid summons requires the production of specific corporate records of Caro Motor Sales and Service, Inc.

13. On May 13, 1965, an Internal Revenue Service summons was issued to Caro Equipment, Inc., at Everett, Pennsylvania. Said summons, returnable on May 28, 1965, at 1101 Federal Office Building, 1000 Liberty Avenue, Pittsburgh, was served on May 13, 1965, upon John M. Caro, a corporate officer. The aforesaid summons requires the produc-

Counsel for the government and plaintiffs stipulated that plaintiffs would amend motion to comply with the Federal Rules of Civil Procedure and that the hearing held on June 1, 1965, would become the record of this proceeding upon which the Court bases its decision.

tion of specific corporate records of Caro Equipment, Inc.

14. John P. Caro and Mary Caro signed U. S. Treasury Department, Internal Revenue Service consent forms extending the time for tax assessment on their personal returns for the taxable years ending December 31, 1959, December 31, 1960 and December 31, 1961 to December 31, 1965.

15. The Treasurer on behalf of Caro Motor Sales and Service, Inc., executed U. S. Treasury Department, Internal Revenue Service consent forms extending the time for tax assessments on the aforesaid corporation for the taxable years ending December 31, 1960, and December 31, 1961 to December 31, 1965.

16. The Treasurer on behalf of Caro Equipment, Inc., which corporation filed returns on a fiscal year basis, executed U. S. Treasury Department, Internal Revenue Service consent forms extending the time for tax assessments on the aforesaid corporation for fiscal years ending September 30, 1960 and September 30, 1961 to December 31, 1965.

## CONCLUSIONS OF LAW

The Court enters the following Conclusions of Law:

■ 1. The calendar year 1959 for Caro Motor Sales and Service, Inc., and the fiscal year ending September 30, 1959 for Caro Equipment, Inc., are still open for investigation and assessment on the basis of fraud allegations. U. S. v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); 26 U.S.C.A. § 6501 (c) (1).

■ 2. The books, documents and records of John P. Caro, Carolyn Courts, Caro Equipment Company, Inc., and Caro Motor Sales and Service, Inc., presently in the possession of the Internal Revenue Service were voluntarily turned over to Agent Driscoll and Agent Cohen by John P. Caro after he was advised of his constitutional rights and the nature of the investigation. Therefore, John P. Caro has no legal right to an immediate return of said records. U. S. v. Wheeler, 275 F.2d 94, (C.A.3, 1960).

■ 3. Mary Caro never consented to the release of any personal records and such personal records as are presently in the possession of the Internal Revenue Service may not be used against Mary Caro.

4. John P. Caro operated Carolyn Courts in an individual capacity and not on a partnership basis with his wife, Mary Caro.

■ 5. The summons issued to Caro Motor Sales and Service, Inc., directing that certain corporate records be produced is valid.

6. The summons issued to Caro Equipment Company, Inc., directing that certain corporate records be produced is valid.

■ 7. Any claim to personal privilege is relinquished as to corporate records by the choice of the corporate form for an individual's business even if the corporation is a mere alter ego of its owner and the records would tend to incriminate said owner. Hair Industry, Ltd., v. U. S., 340 F.2d 510 (C.A.2, 1965).

8. The Internal Revenue Service is entitled to examine the corporate records of Caro Equipment Company, Inc., and Caro Motor Sales and Service, Inc., for the years 1959 through 1964.