405 F.2d 929
 UNITED STATES of America and Alexander Dombrowski, Special Agent, Internal Revenue Service
v.
Morris ZUDICK, as President of Morris Zudick Construction Company and as President of Walnut Grove Realty Company, Appellant.
 No. 17238.
 United States Court of Appeals Third Circuit.
 Argued October 22, 1968.
 Decided January 6, 1969.
 Certiorari Denied April 21, 1969.
 
 See 89 S.Ct. 1465.
 Herbert L. Zuckerman, Newark, N. J., for appellant.
 Joseph M. Howard, Dept. of Justice, Tax Division, Appellate Section, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, John P. Burke, Attys., Dept. of Justice, Washington, D. C., David M. Satz, U. S. Atty., Thomas J. Alworth, Asst. U. S. Atty., on the brief), for appellee.
 Before HASTIE, Chief Judge, and SEITZ and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This appeal is from an order of the district court enforcing, pursuant to 26 U.S.C.A. § 7604, internal revenue summonses issued pursuant to 26 U.S.C.A. § 7602 by a special agent of the Internal Revenue Service. One summons, served in connection with the investigation of the tax liability of Morris Zudick Construction Co., directed Morris Zudick, as President of Morris Zudick Construction Co., to produce certain specified books and records of the company. The other summons, served in connection with the investigation of the tax liability of Morris Zudick individually, directed Morris Zudick, as President of Walnut Grove Realty Co., to produce certain specified books and records of Walnut Grove. Appellant, Zudick, appeared before Special Agent Dombrowski as directed in the summonses with the materials demanded; however, he refused to surrender the materials claiming that the summonses were being used for an unauthorized purpose. An action for enforcement was brought in the district court against Zudick only. In urging that the petition for enforcement be denied, Zudick contended that enforcement of the summonses would violate his constitutional rights and those of the respective corporations and that enforcement would permit unauthorized use of the summonses. After argument, the district court granted the petition for enforcement without filing a written opinion. Zudick ("appellant") now appeals.
 
 
 2
 The factual setting here, with the exception of one minor variation, and the contentions advanced by the appellant and the issues arising therefrom, are identical to those presented to this court and decided in favor of the Internal Revenue Service in United States v. DeGrosa, 405 F.2d 926 (filed January 6, 1969). The factual variation is that here the tax liability of Morris Zudick individually is being investigated as well as that of one of the corporations whose records are sought. Inasmuch as appellant DeGrosa was permitted to raise each of the grounds for denying enforcement that appellant Zudick now urges, we perceive no legal significance in the fact that Agent Dombrowski's investigation includes an investigation of Morris Zudick's personal tax liability.[1]
 
 
 3
 Accordingly, we affirm the order of the district court enforcing the summonses for the reasons set forth in our opinion in United States v. DeGrosa, supra.
 
 
 
 Notes:
 
 
 [1]
 We note further that in DeGrosa, supra, although the investigation by Agent Ader was directed to the liability of the corporation only, criminal prosecution was recommended to the Regional counsel against DeGrosa individually. Thus, even the factual variation noted in the text is substantially removed