**UNITED STATES of America and Patrick C. Putney, Special Agent, Internal Revenue Service, Petitioners,**

**v.**

**Edgar S. K. MERRELL, II, Respondent.**

**Civ. No. Misc.**

United States District Court
N. D. New York.

July 9, 1969.

Paul R. Shanahan, Syracuse, N. Y., for taxpayer-movant.

Justin J. Mahoney, U. S. Atty., Albany, N. Y., for United States and Putney, James P. Shanahan, Syracuse, N. Y., of counsel.

## MEMORANDUM-DECISION AND ORDER

PORT, District Judge.

The factual background in this case is relatively simple. The taxpayers, Raymond B. and Eleanor E. Lee, retained Edgar S. K. Merrell, II, an attorney, to prepare for them their federal tax returns for the years 1957–66 inclusive. In connection with this, the taxpayers provided Merrell with various documents, including records of income and expenses, and other papers necessary for the preparation of their returns.

On October 17, 1968 Patrick C. Putney, a special agent with the Internal

Revenue Service, served upon Merrell a summons issued pursuant to 26 U.S.C. § 7602, directing him to appear, produce, and testify concerning the following items:

(1) retained copies of the taxpayers' returns for the years 1957–62 inclusive, and

(2) summaries of income and expenses furnished to Merrell by the taxpayers, and used by Merrell in the preparation of their returns, for the years 1957–66 inclusive, and

(3) workpapers and schedules prepared and used by Merrell in the preparation of the returns for the years 1957–66 inclusive.

Upon failure to secure voluntary compliance with the summons, a proceeding to judicially enforce the summons pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) was instituted, and I signed an order on February 11, 1969 requiring Merrell to show cause why he should not be compelled to obey the summons that was directed to him. On the return of the show cause order at Syracuse on March 10, 1969, I signed an order requiring compliance with the summons and directed that Merrell produce the records and documents requested before Special Agent Putney on March 19, 1969. The enforcement of this order was stayed pending the determination of the instant motion.

The motion herein was filed on March 19, 1969 by the taxpayers, and requests that this court issue an order that would:

(1) allow them to intervene in the above-entitled proceeding, and

(2) deny the application for an order compelling compliance by Merrell with the Internal Revenue summons served upon him, and

(3) vacate said summons, and grant such other and further relief as the court deems proper.

At the hearing on this motion, held at Utica on March 24, 1969, and in the papers presented to the court, the taxpayers have argued that they have a right to intervene, and that the attorney-client privilege and the privilege against self-incrimination protect the sought after documents. Finally, taxpayers claim that Merrell should not be required to produce these documents in a situation that is, in reality, the forerunner of a criminal prosecution, i. e., that the summons used herein is not the proper one for a criminal case.

INTERVENTION:

■ The taxpayers correctly assert that Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964) provides the authority for them to intervene in a summons enforcement proceeding directed against a third party. 375 U.S. at 449, 84 S.Ct. 508. Therefore, that part of the taxpayers motion that requests that they be permitted to intervene in the above-entitled action, is hereby granted.

ATTORNEY-CLIENT PRIVILEGE:

■ Taxpayers claim that the attorney-client privilege prevents Merrell from producing the requested papers and documents. It appears that the attorney-client privilege is applicable to the preparation of tax returns and the giving of tax advice. Colton v. United States, 306 F.2d 633, 637 (2d Cir. 1962); *cert. denied* 371 U.S. 951, 83 S. Ct. 505, 9 L.Ed.2d 499 (1963); United States v. Summe, 208 F.Supp. 925, 928 (E.D.Ky.1962). However, the attorney-client privilege protects only those papers or communications prepared by the client for *confidential* communication to the attorney, or by the attorney to record *confidential* communications. Colton v. United States, supra 306 F.2d 638–639; United States v. Tellier, 255 F.2d 441, 448 (2d Cir.) *cert. denied* 358 U.S. 821, 79 S.Ct. 33, 3 L.Ed.2d 62 (1958); In re Fisher, 51 F.2d 424 (S. D.N.Y.1931); United States v. Threlkeld, 241 F.Supp. 324 (W.D.Tenn.1965).

■ The material sought herein, is not within the attorney-client privilege as it consists of information not intended by the client to be confidential. The

retained copies of the income tax returns are, of course, of a non-confidential nature, as the material was intended to be communicated to third parties; the same is true for the income and expense summaries given to Merrell for inclusion in the returns. The workpapers of Merrell, by definition, consisted of information that was intended to be transcribed onto the tax returns, and cannot be of a confidential nature.

Material of the sort above-described, is not confidential and is not within the attorney-client privilege. Colton v. United States, supra 306 F.2d at 638–640; In re Fisher, supra 51 F.2d at 425; United States v. Threlkeld, supra 241 F.Supp. at 326; see United States v. Tellier, supra 255 F.2d at 448.

## PRIVILEGE AGAINST SELF-INCRIMINATION:

■ The enforcement of the summons cannot be stayed upon the grounds that it will infringe the taxpayers' right against self-incrimination.

The privilege against self-incrimination is for the benefit of the witness and is a purely personal privilege of the witness. United States v. White, 322 U.S. 694, 698–699, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944); Rogers v. United States, 340 U.S. 367, 371, 71 S.Ct. 438, 95 L.Ed. 344 (1951); Brown v. Walker, 161 U.S. 591, 597, 16 S.Ct. 644, 40 L.Ed. 819 (1896). "Moreover, the papers and effects which the privilege protects must be the private property of the person claiming the privilege, or at least in his possession in a purely personal capacity." United States v. White supra at 699, 64 S.Ct., at 1251.

■ In the situation presented herein, the right to assert the privilege against self-incrimination rests with Merrell and not with the taxpapers. United States v. Baldridge, 281 F.Supp. 470 (S.D.Tex.1968); Dorfman v. Rombs, 218 F.Supp. 905 (N.D.Ill.1963); see United States v. Zakutansky, 278 F. Supp. 682 (N.D.Ind.) aff'd 401 F.2d 68 (7th Cir. 1968) cert. denied 393 U.S.

1021, 89 S.Ct. 628, 21 L.Ed.2d 565 (1969).

## PROPRIETY OF THE SUMMONS:

The taxpayers contend that the use of a summons issued pursuant to 26 U.S.C. § 7602, is not justified where a criminal investigation is in process. As proof that the summons herein is being used to secure proof in a criminal proceeding, taxpayers cite the facts that Patrick C. Putney is a *special agent*, and that the taxpayers received a letter from one Leo G. Smith, Group Supervisor of the Intelligence Division, Syracuse, New York, dated March 10, 1969, advising them that the Intelligence Division was considering recommending that criminal proceedings be instituted against them for income tax evasion.

■ No actual criminal proceedings have been instituted against the taxpayers. The fact that an investigation by a special agent for the purpose of determining the tax liability of the taxpayers is likely to produce evidence justifying their criminal prosecution, does not make the use of the contested summons an improper one. In re Magnus, Maybee & Reynard, Inc., 311 F.2d 12 (2d Cir.) cert. denied 370 U.S. 918, 82 S.Ct. 1556, 8 L.Ed.2d 499 (1962); United States v. DeGrosa, 405 F.2d 926 (3rd Cir. 1969); United States v. Zudick, 405 F.2d 929 (3rd Cir. 1969) cert. denied 394 U.S. 973, 89 S.Ct. 1465, 22 L.Ed.2d 753 (April 21, 1969); United States v. Hayes, 408 F.2d 932 (7th Cir. 1969).

For the reasons herein, it is

Ordered that the motion of the taxpayers is granted insofar as it requests that they be permitted to intervene in the above-entitled action, and it is further

Ordered that the motion of the taxpayers be denied in all other respects, and it is further

Ordered that the stay of the order dated March 10, 1969, requiring compliance by Merrell with the Internal Revenue summons, is vacated, and it is further

Ordered that Edgar S. K. Merrell, II, obey the aforementioned summons and each and every requirement thereof and attend and produce the records required and called for by the terms of the summons before Special Agent Patrick C. Putney or any other proper officer of the Internal Revenue Service at such time and place as may be hereafter fixed by Special Agent Patrick C. Putney or any other proper officer of the Internal Revenue Service, not less than 10 days after the date of service of a copy of this order in accordance with the Federal Rules of Civil Procedure.