UNITED STATES of America and Howard W. George, Special Agent, Internal Revenue Service, Appellees,

v.

Donald E. COTE et al., Appellants.

Nos. 71–1202 to 71–1204.

United States Court of Appeals, Eighth Circuit.

Feb. 29, 1972.

John C. Johanneson, St. Paul, Minn., for appellants.

Carleton D. Powell, Atty., Tax. Div., Dept. of Justice, Washington, D. C., for appellees.

Before MATTHES, Chief Judge, LAY, Circuit Judge, and HUNTER, District Judge.

LAY, Circuit Judge.

The issue on appeal concerns the enforcement of summonses issued under 26 U.S.C. § 7602 to Donald Cote, a certified public accountant, and Thomas Murphy, a lawyer. The taxpayers, John C. and Evelyn Erickson, were allowed to intervene. Both Murphy and Cote refused to produce any workpapers used in preparing taxpayers' original and amended returns for the years 1966, 1967 and 1968. The sole issue is whether the attorney-client privilege prevents disclosure of memoranda and working papers prepared by the accountant at the attorney's request for purposes of giving legal advice. We affirm the district court's order, 326 F.Supp. 444, enforcing the summonses.

For several years the taxpayers had employed Mr. Cote as an accountant to prepare their tax returns. The returns were made from summaries of the books and records furnished by the taxpayers. In early 1969 an internal revenue agent informed the taxpayers that their 1967 income tax return was being examined. Taxpayers consulted their accountant who in turn referred them to Thomas Murphy, an attorney. After consultation with the Ericksons, Murphy retained Cote to conduct an audit of taxpayers' books and records. The books were placed in Murphy's possession and Cote carried out the audit in Murphy's office. On the basis of what this audit revealed, Murphy advised his clients that they should file amended returns for the years in question. Amended returns were then prepared and filed for the years 1966, 1967 and 1968. These returns disclosed a greater amount of income for each of the three years than had been earlier reported but gave no explanation for the increase. Thereafter a special agent of the Internal Revenue

Service summoned Cote to appear as a witness and produce all workpapers used in preparing both the original and amended returns. Cote refused to turn over these papers claiming they were in the possession and control of attorney Murphy. On August 27, 1970, a similar summons was issued to Murphy requesting essentially the same material. Murphy produced a copy of the taxpayers' original 1967 return but asserted the privilege as to the underlying workpapers.

The trial court ruled that the workpapers supporting the original returns must be produced. This ruling is not disputed.[1] The only issue raised on this appeal is whether the attorney-client privilege extends to the accountant's work memoranda used in preparation of the amended returns.

The district court held that the privilege did not attach to these workpapers since the accountant was not under the direct control of the taxpayers' attorney and the workpapers were not prepared to assist counsel in giving legal advice. Murphy's testimony is to the contrary. He testified that his advice to file amended returns was formulated after evaluating the results of the audit. We would agree that if the advice to file the returns was first given by Murphy and thereafter the accountant was employed simply to make the correct mechanical calculations, the privilege would not apply. Cf. Olender v. United States, 210 F.2d 795, 805–806 (9 Cir. 1954). This did not happen here. Here the taxpayers did not consult Murphy for accounting advice. His decision as to whether the taxpayers should file an amended return undoubtedly involved legal considerations which mathematical calculations alone would not provide. It is clear that the accountant's aid to the lawyer preceded the advice and was an integral part of it. United States v. Kovel, 296 F.2d 918, 921–922 (2 Cir. 1961).

Taxpayers rely on the decision of Bauer v. Orser, 258 F.Supp. 338 (D. N.D.1966), wherein the district court quashed a summons issued to an accountant acting under the direction of an attorney. The trial court distinguished this decision because Bauer's attorney supervised and controlled the accountant. In the instant case the trial court found that since taxpayers had used the accountant for tax preparation in prior years, his accounting service was not under the attorney's express directions. The fact of prior employment, however, is not controlling to the issue. A more definitive test is whether the accountant's services are a necessary aid to the rendering of effective legal services to the client.[2] Whether the accountant performed services for the taxpayers in years prior to the attorney-client relationship is essentially immaterial. The privilege, of course, cannot secrete the accountant's information gained prior to his retention by the lawyer. Sale v. United States, 228 F.2d 682, 686 (8 Cir. 1956), cert. denied, 350 U.S. 1006, 76 S.Ct. 650, 100 L.Ed. 868; Gariepy v. United States, 189 F.2d 459, 463 (6 Cir. 1951).

Notwithstanding our recognition that the attorney-client privilege attached to the information contained in the accountant's workpapers under the circumstances existing here, we find that by filing the amended returns the taxpayers communicated, at least in part, the substance of that information to the government, and they must now disclose the detail underlying the reported data. A client may waive the privilege which protects what he earlier confided to his

---

1. Taxpayers claimed a proprietary interest in these papers and asserted the privilege against self-incrimination. This was properly denied. See Bouschor v. United States, 316 F.2d 451 (8 Cir. 1963).

2. Cf. Rule 5–03(a) (4) and the Advisory Committee comments pertaining thereto of the Preliminary Draft of Proposed Rules of Evidence for the United States District Courts and Magistrates, Committee on Rules of Practice and Procedure of the Judicial Conference of the United States (March 1969).

attorney or his attorney to him. See 8 Wigmore, Evidence § 2327 (McNaughton Rev.1961).[3] Here, Cote, the accountant, testified that the information on his workpapers was later transcribed onto the amended returns which were filed by the taxpayers with the government. This disclosure effectively waived the privilege not only to the transmitted data but also as to the details underlying that information. As stated in United States v. Tellier, 255 F.2d 441, 448 (2 Cir. 1958), cert. denied, 358 U.S. 821, 79 S.Ct. 33, 3 L.Ed.2d 62: "[T]he privilege attaches to the substance of a communication and not to the particular words used to express the communication's content." See also United States v. Shibley, 112 F.Supp. 734, 742 (S.D. Cal.1953). Cf. Rule 5–11, Proposed Rules of Evidence, supra note 2 [disclosure of "any significant part" of a communication waives the privilege]; 8 Wigmore, supra, § 2327 at 638 [the "doctrine of completeness" is analogous to this principle]; McCormick, Law of Evidence § 93 (1954).

■ The district court's order of enforcement of the summonses is therefore affirmed.[4]

---

3. In tax cases waiver is often not even an issue since the privilege is said not to attach to information which the taxpayer intends his attorney to report in the contents of a tax return. See e. g., Colton v. United States, 306 F.2d 633, 638 (2 Cir. 1962), cert. denied, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963); United States v. Threlkeld, 241 F.Supp. 324, 326 (W.D. Tenn.1965); United States v. Merrell, 303 F.Supp. 490, 492 (N.D.N.Y.1969). But cf., United States v. Schlegel, 313 F.Supp. 177 (D.Neb.1970). Many non-tax cases assert this same principle. See United States v. Tellier, 255 F.2d 441 (2 Cir. 1958), cert. denied, 358 U.S. 821, 79 S.Ct. 33, 3 L.Ed.2d 62; Wilcoxon v. United States, 231 F.2d 384 (10 Cir. 1956), cert. denied, 351 U.S. 943, 76 S.Ct. 834, 100 L.Ed. 1469; United States v. Shibley, 112 F.Supp. 734, 742 (S.D. Cal.1953); In re Fisher, 51 F.2d 424, 425 (S.D.N.Y.1931).

4. Any dispute hereafter as to whether particular workpapers contain detail of *un-*

*published* expressions which are not part of the data revealed on the tax returns, should be submitted to the district court for an in camera ruling. See Brown v. United States, 276 U.S. 134, 48 S.Ct. 288, 72 L.Ed. 500 (1928).

Too broad an application of the rule of waiver requiring unlimited disclosure by reason of filing an income tax return might tend to destroy the salutary purposes of the privilege which invite confidentiality between the attorney and his client. See United States v. Schlegel, 313 F.Supp. 177 (D.Neb.1970); cf. 8 Wigmore, Evidence § 2192 at p. 73 (McNaughton Rev.1961). Such a rule is unnecessary to the recognition of the above principles. See Colton v. United States, 306 F.2d 633, 639 (2 Cir. 1962), cert. denied, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963), which specifically withholds disclosure of memoranda and worksheets to the extent they contain confidential data not already published on the tax return.