UNITED STATES of America and Thomas M. Plasko, Special Agent, Internal Revenue Service, Petitioners,

v.

Harold W. BROBECK, as President of Beaver Valley Volkswagen, Inc., and Beaver Valley Volkswagen, Inc., Respondents.

Civ. A. No. 73–389.

United States District Court,
W. D. Pennsylvania.

Aug. 3, 1973.

John P. Hines, Tax Div., Dept. of Justice, Washington, D. C., for petitioners.

Mr. Brobeck, pro se.

## MEMORANDUM

JOHN L. MILLER, District Judge.

Now pending before the Court is the Government's petition to adjudge Harold W. Brobeck, President of Beaver Valley Volkswagen, Inc., in contempt of this Court's Order of June 11, 1973, because of his failure to produce corporate records as ordered by this Court. A brief statement of the background of this litigation is necessary.

Initially this action was brought to enforce an Internal Revenue Summons pursuant to 26 U.S.C.A. §§ 7402(b) and 7604(a). On March 28, 1973, Special Agent Thomas M. Plasko issued a summons to Harold W. Brobeck, as President of Beaver Valley Volkswagen, Inc., to appear before the Agent on April 11, 1973, at 1:00 P.M. in Beaver Falls, Pennsylvania, to testify and produce corporate records [1] in the matter of the tax liability of Mr. Brobeck. Agent Plasko personally served a copy of the summons on Mr. Brobeck on March 28, 1973. At the appointed time and place, Mr. Brobeck appeared before Agent Plasko, asserted Constitutional rights to include the Fifth Amendment and did not produce the corporate records demanded in the summons. On May 14, 1973, the United States of America and Agent Plasko petitioned this Court to enforce the administrative summons. After review and consideration of the petition, affidavit and exhibit, this Court, on

---

1. Exhibit #2 to the petition details in five numbered paragraphs the specific records sought from the corporation.

May 14, 1973, issued an Order directing Harold W. Brobeck, as President of Beaver Valley Volkswagen, Inc. and Beaver Valley Volkswagen, Inc. to file a written response to the petition within five days from the receipt of the Order and to appear before the Court on May 30, 1973, at 10:00 A.M. to show cause why he should not be compelled to testify and produce the records demanded in the summons of March 28, 1973. In response to the Court's Order, Mr. Brobeck by certified letter dated May 16, 1973, addressed to the Court and United States Attorney, requested an extension of five days in which to file a written response.[2] Petitioners asserting no objection thereto, the Court on May 17, 1973, granted an extension to May 29, in order to file an answer and fixed the hearing date for June 11, 1973, at 10:00 A.M. Subsequently, in a statement filed with the Clerk of Court on May 31st, Mr. Brobeck indicated the hearing scheduled for "June 11, 1973 is not acceptable to him and his Counsel, and that a date any time from July 23 thru July 27, 1973 will be acceptable to Defendant Harold W. Brobeck, that if these dates are not acceptable to the U. S. Attorney or the Court, then Harold W. Brobeck as an individual desires that the matter be submitted on the brief that is filed." Respondent's second request for a continuance was denied on June 7, 1973.

Thereafter, on June 11, 1973, the hearing proceeded in open court with the petitioner present; however, neither Mr. Brobeck nor a representative was present. Toward the conclusion of the hearing and after considering the petitioner's evidence, response to affirmative defenses, legal argument, the memorandums and allied papers submitted by Mr. Brobeck, the Court concluded there was no merit in the contentions of Mr. Brobeck, that the proceedings brought by the Government were in good faith, that there had been no recommendation to the Department of Justice of criminal prosecution, that Beaver Valley Volkswagen, Inc., as of June 7, 1973, is an active Pennsylvania corporation and that Harold W. Brobeck is the President. Accordingly, the Court ordered Mr. Brobeck to appear before Agent Plasko at the Massa Building, 1501 8th Avenue, Beaver Falls, Pennsylvania, on or before June 25, 1973, at 10:00 A.M. and provide corporate books, records, and other papers of Beaver Valley Volkswagen, Inc., relating to the tax liability of Harold W. Brobeck. Subsequently, on June 27, 1973, a petition and affidavit was filed by the United States of America and Agent Plasko requesting an order to show cause why Harold W. Brobeck should not be held in contempt of this Court's Order of June 11, 1973, for Mr. Brobeck failed to produce the corporate records. An Order was issued directing Harold W. Brobeck to appear on July 30, 1973, at 10:00 A.M. to show cause why he should not be held in contempt of our earlier Order of June 11th, and why he should not comply with the terms thereof.

At a plenary hearing held on July 30, 1973, it was established that Mr. Brobeck appeared before Agent Plasko at the Federal Office Building in Pittsburgh on June 18th, at approximately 10:30 A.M., but did not produce the corporate books or records of Beaver Valley Volkswagen, Inc., as ordered by the Court. The evidence further discloses, in response to questions by Agent Plasko regarding the records, that Mr. Brobeck read from a statement which in effect asserted a number of Constitutional rights and privileges to include the Fifth Amendment privilege against self-incrimination. Agent Plasko further testified that between June 11th and June 25th, Mr. Brobeck did not com-

---

2. Although Mr. Brobeck signed his request, "Harold W. Brobeck D/B/A Beaver Valley Volkswagen", interestingly it was mailed in an envelope bearing the corporate name and address which are identical to those of record with the Commonwealth of Pennsylvania, Department of Revenue, Bureau of Corporation Taxes. See Government Exhibit "D".

ply with the Court's Order of June 11, 1973. Mr. Brobeck, appearing without an attorney but with a friend,[3] cross-examined Agent Plasko regarding the statement he read on June 18th, its content and his assertion of Constitutional rights and privileges. Additional authority and references to criminal statutes were read and provided the Court by Mr. Brobeck. In response to this Court's comments *regarding submitting matters in defense,* Mr. Brobeck read a statement respectfully declining to produce any records relying in essence upon his Fifth Amendment rights. Mr. Brobeck did not produce any evidence regarding his noncompliance with this Court's Order of June 11th. He was informed that this was his day in Court and he had the right to present anything he wanted. Upon his resting the Court further queried Mr. Brobeck, "Well, then, Mr. Brobeck, as I understand your position, you have presented all the evidence that you care to present, you have presented your legal arguments, and you have nothing further to present to the Court at this time on the question now before the Court; that is, your Fifth Amendment privileges." Mr. Brobeck replied, "Yes, sir." The Court further queried Mr. Brobeck, "And that you have presented everything you have to present; is that correct, sir?" Mr. Brobeck replied, "Correct, sir."

It is crystal clear that Mr. Brobeck, *a corporate officer of Beaver Valley Volkswagen, Inc.,* continues to claim a blanket Fifth Amendment privilege against the production of the corporate records of Beaver Valley Volkswagen, Inc., which he had been ordered to produce by this Court on June 11, 1973. Likewise, he has failed to comply with the Court's Order which clearly spells out the details

of compliance thereto in unambiguous terms. There is no claim asserted by Mr. Brobeck that he did not know what obligations were imposed upon him as President of Beaver Valley Volkswagen, Inc.; nor does he offer proof of his inability to comply. His basic disagreement with our Order of June 11th, is apparently that the Court erred regarding the scope of his Fifth Amendment privileges *in light of the information sought produced and the purposes therefor.* Consequently, he persists in asserting the privilege even in the matter sub judice.

The Fifth Amendment privilege against self-incrimination is a purely personal one extending protection to the private papers and effects of the person claiming the privilege. United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944). Further, as the Court observed in Caro v. Bingler, 242 F.Supp. 418, 420 (W.D.Pa.1965), "[a]ny claim to personal privilege is relinquished as to corporate records by the choice of the corporate form for an individual's business even if the corporation is a mere alter ego of its owner and the records would tend to incriminate said owner. Hair Industry, Ltd. v. United States, 340 F.2d 510 (C.A.2, 1965)." In United States v. Zudick, 405 F.2d 929 (3 Cir. 1969), cert. denied 394 U.S. 973, 89 S.Ct. 1465, 22 L.Ed.2d 753 (1969), our Circuit Court of Appeals recognized the validity of an order enforcing an Internal Revenue Summons directing an individual as president of a corporation to produce specified books and records of the corporation in connection with investigation of his tax liability. The Court could perceive no legal significance in the fact that the agent's investigation included an investigation of the individ-

---

3. Mr. Jerome Daly advised the Court in Chambers that he was a former member of the Minnesota Bar for approximately eighteen years and he had been disbarred. Mr. Daly related he was merely accompanying Mr. Brobeck at the latter's request. We informed Mr. Daly that he might sit at counsel table with Mr. Brobeck but he would not be permitted to examine witnesses or other-

wise perform those functions or duties of a duly licensed attorney. In passing, it is not insignificant to note that Mr. Daly is the appellant in Daly v. United States, 393 F.2d 873 (8 Cir. 1968), wherein many issues similar to those asserted by Mr. Brobeck in his answer were considered by the Court of Appeals.

ual's personal tax liability. See United States v. Erdner, 422 F.2d 835 (3 Cir. 1970).

It is well settled that corporate books are subject to production even if those books or records would incriminate the corporation or officer compelled to produce them. See Hale v. Henkel, 201 U. S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906); Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911); Grant v. United States, 227 U.S. 74, 33 S.Ct. 190, 57 L.Ed. 423 (1913); Essgee Co. v. United States, 262 U.S. 151, 43 S. Ct. 514, 67 L.Ed. 917 (1923); United States v. White, supra.

■ Our Order of June 11, 1973, required Harold W. Brobeck to produce specified corporate books and records of Beaver Valley Volkswagen, Inc. Harold W. Brobeck, as president of the corporation, assumed the privileges and duties of the corporate entity in October 1963, and he is bound by its obligations in 1973. In his official capacity, he may not assert his personal Fifth Amendment privilege with respect to the official records and books of the corporation, even though the production of the records might tend to incriminate him personally. United States v. White, supra. Mr. Brobeck's conduct is in defiance of the specific terms of this Court's Order and is contumacious. Judge Black's observation quoted in In Re Nevitt, 117 F. 448, 461 (8 Cir. 1902) is appropriate in this case:

> "There are many persons who would gladly purchase the honors of martyrdom in a popular cause at almost any given price, while others are deterred by a mere show of punishment. Each is detained until he finds himself willing to conform. This is merciful to the submissive, and not too severe upon the refractory. The petitioner, therefore, carries the key of his prison in his own pocket. He can come out, when he will, by making terms with the court that sent him there. But if he chooses to struggle for a triumph, —if nothing will content him but a clean victory or a clean defeat,—he

cannot expect us to aid him. Our duties are of a widely different kind. They consist in discouraging, as much as in us lies, all such contests with the legal authorities of the country."

An appropriate order shall be entered.