## In re CONTICOMMODITY SERVICES, INC., SECURITIES LITIGATION.

### MDL No. 644.

United States District Court,
N.D. Illinois, E.D.

Nov. 4, 1988.

Grain Co. and Certain Current or Former Officers.

Carla Powers Dykes, Chamberlain, Hrdlicka, White, Johnson & Williams, Houston, Tex., Ray G. Rezner, Barack, Ferrazzano, Kirschbaum & Perlman, David B. Levine, Levin & Ginsburg, Ltd., Chicago, Ill., for Certain Customer Parties.

Charles W. Boand, Robert F. Forrer, Quinton F. Seamons, Wilson & McIlvaine, Chicago, Ill., for Arthur Andersen & Co.

Brice A. Tondre, Madden and Strate, P.C., Wheat Ridge, Colo., for Harvey Herberman & Herberman Corp.

Ron L. Futterman, Hartunian, Futterman & Howard, Chtd., Chicago, Ill., for Joe O. Ragan and Owen and Cynthia Frakes.

Randall Marmor, Harvey Herman, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, Ill., for Reliance Ins. Co.

Bruce M. Rose, Herbert Beigel, Leigh R. Lasky, Beigel & Sandler, Chicago, Ill., for David J. Ragan.

Charles C. Hileman, Clinton A. Stuntebeck, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., John L. McConn, Jr., McConn & Hardy, Houston, Tex., for Carroll McEntee McGinley, Inc.

Stanley A. Walton, Harold C. Wheeler, Winston & Strawn, Chicago, Ill., for Prescott Ball, Turben and J. Luikart.

Kenneth E. Johns, Jr., Vinson & Elkins, Dallas, Tex., Peter R. Sonderby, Janet L. Reali, Keck, Mahin & Cate, Chicago, Ill., for Merrill Lynch Pierce Fenner Smith, Inc.

Sheldon M. Neider, Neider Financial Consultants, Houston, Tex., pro se.

Motley Investments, Venture No. 4, James Motley, Houston, Tex., pro se.

David Dickieson, James Carroll, Office of Special Litigation, U.S. Dept. of Justice, Tax Div., Washington, D.C., for U.S.

David T. Pritikin, Geraldine M. Alexis, Sidley & Austin, Chicago, Ill., for ContiCommodity Services, Inc., Continental

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

ContiCommodity Services, Inc. ("Conti") seeks to compel Joseph Odom to answer

deposition questions and provide documents concerning claims for refunds (amended tax returns)[1] of certain customer parties. Odom is an accountant employed by a law firm representing "certain customer parties" ("customers"). Per the customers' representation in their surreply, the dispute over documents has been settled except as to four documents. As for testimony, it is not particularly clear what the customers' position is. Despite the fact that, by Conti's count, Odom was instructed 79 times to either not respond or limit his response, the customers claim Odom responded to Conti's questions in all areas except two. Conti, though, had delineated seven other areas where Odom had not responded. The court must assume that privileges claimed as to these seven topics are no longer being claimed. Odom therefore must answer questions in those areas to the extent they do not overlap with any area discussed below where an immunity is found to exist. The two areas where the customers claim a dispute remains are questions as to "(1) the reasons why Brown and Hemmings did not report the results of their Conti trading on their original tax returns for 1984 and (2) whether Brown was in the trade or business of trading commodity futures as claimed on earlier returns."

■ First, the court rejects any argument by the customers based on Odom's incompetence to testify. Deposition testimony is not limited to admissible evidence. Although Odom prepared only the amended returns, he has knowledge about the original returns as well. Even if his testimony would be hearsay, it would not be nondiscoverable for that reason.

The Seventh Circuit has held that "information transmitted for the purpose of preparation of a tax return, though transmitted to an attorney, is not privileged information." *United States v. Lawless,* 709 F.2d 485, 488 (7th Cir.1983). *Accord United States v. Windfelder,* 790 F.2d 576, 579 (7th Cir.1986). This holding rested primarily on the view that the information was not confidential since given to the attorney for the purpose of providing information to the government on tax returns. *Lawless,* 709 F.2d at 487–88; *Windfelder,* 790 F.2d at 579–80. The holding further relied on the view that preparing a tax return is essentially an accounting service. *Lawless,* 709 F.2d at 487. The Seventh Circuit recognized the possibility, though, that a person can also be seeking professional legal advice from an attorney so that some communications with the attorney may be privileged. *Id.*

The customers are not relying on the attorney-client privilege; they rely on the attorney work product immunity. In *United States v. Davis,* 636 F.2d 1028, 1039–40 (5th Cir.), *cert. denied,* 454 U.S. 862, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981), the Fifth Circuit held that the immunity did not apply to tax preparation documents because not prepared in anticipation of litigation. In *In re Special September 1978 Grand Jury,* 640 F.2d 49, 64–65 (7th Cir.1980) (*"September Grand Jury"*), the Seventh Circuit held that the work product immunity did not apply to representation before the Internal Revenue Service involving negotiation of the payment of tax deficiencies and the regaining of tax exempt status. The Seventh Circuit held that the "in anticipation of litigation" requirement was not satisfied. The customers seek to distinguish these holdings on the ground that the preparation of a claim for refund is different than preparation of an income tax return.

■ The court rejects the customers' argument to the extent it relies on a general proposition that claims for refund are prepared in anticipation of litigation. The customers provide no evidence in support of that proposition.[2] But that does not mat-

---

1. The court will henceforth use the terms "claim", "claim for refund", and "amended tax return" interchangeably. The court recognizes, though, that amended returns that report additional liability are not claims for refunds.

2. Presumably, statistics are available as to how many claims for refund result in court litigation. The customers have not cited any documents that the court can take judicial notice of so no conclusion can be reached as to the customers' assertion. The court, however, believes

ter, the customers have provided evidence, unrefuted by Conti, that their claims were filed for the purpose of moving their cases from the Tax Court to this court. However, although a claim for refund (and the rejection or nonaction of the Internal Revenue Service ("IRS")) is a prerequisite to bringing a tax suit in federal district court, it is not itself a lawsuit. The initial proceedings on a claim are administrative. The court recognizes that administrative proceedings are sometimes considered to be litigation for purposes of the work product rule. *See, e.g., Natta v. Zletz,* 418 F.2d 633 (7th Cir.1969); *Natta v. Hogan,* 392 F.2d 686, 693 (10th Cir.1968). *September Grand Jury, supra,* however, involved adversarial proceedings before the IRS and the Seventh Circuit held there was no work product in anticipation of litigation. That case, though, leaves open the possibility that proceedings before the IRS can be closely enough linked to litigation to involve work product prepared in anticipation of litigation.

 The focus of the decision on this motion should not so much be on "anticipation of litigation", but on the nature of the work done by Odom. He prepared an amended tax return form for the customers. This required accumulating and computing the figures necessary for the return. This is no different than calculating the figures for an original tax return. This is *accountant's* work product not *attorney's* work product. *See United States v. Cote,* 326 F.Supp. 444, 450 (D.Minn.1971), *aff'd,* 456 F.2d 142 (8th Cir.1972). *Cf. United States v. Davis,* 636 F.2d at 1040, 1043; *Lawless,* 709 F.2d at 487. The attorney work product immunity does not apply to the actual preparation of the customers' claims for refunds, including the preparation of schedules for computation of fig-

ures for the amended returns. To the extent, however, that Odom was an agent of the customers' attorneys involved in an investigation for purposes of the district court suit, documents he prepared for that purpose are protected by the work product immunity. *See In re Grand Jury Proceedings,* 601 F.2d 162, 171 (5th Cir.1979). As noted in a prior ruling in this case, it is only the documents that are protected by the work product immunity, not the facts in the documents.[3] June 14, 1988 Order at 2–3. *See also Feldman v. Pioneer Petroleum, Inc.,* 87 F.R.D. 86, 89 (W.D.Okla.1980), *aff'd,* 813 F.2d 296 (10th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 346, 98 L.Ed.2d 372 (1987). This does not mean, however, that an attorney or an attorney's agent can be asked questions regarding the attorney's "mental impressions, conclusions, opinion, or legal theories." Fed.R.Civ.P. 26(b)(3); C.A. Wright & A. Miller, *Federal Practice & Procedure* § 2026 (1970). Those are not discoverable *facts* contained in the documents.

 As to the specific areas of dispute, Conti asked Odom, "What was your understanding as to why they [Hemmings and Brown] had not reported the Conti and Merrill trading in the original [1984] return?" The original returns were not prepared by an attorney; they were prepared by and on the advice of accountants. The work product immunity is not a basis for refusing to answer this question. Even if Odom learned the answer through conversations with or investigations for the present attorneys, the facts necessary for responding to the question are not work product. To the extent Conti wants to go further and discover the current legal theories of the customers' attorneys, the ques-

---

that only a small percentage of claims actually result in litigation or are prepared with litigation in mind. Claims are filed for numerous reasons including (a) to correct omissions on returns; (b) to make changes resulting from the effect of carrybacks from other years or audit changes in other years; (c) as "protective claims" in the event of audit changes; and (d) to have another chance following changes resulting from an audit. In such situations, taxpayers

are not usually expecting litigation over their claims. *Cf. United States v. Willis,* 565 F.Supp. 1186 (S.D.Iowa 1983).

**3.** No attorney-client privilege argument has been made. The customers rely on the work product immunity. The court need not decide to what extent facts conveyed to Odom could be considered protected by that privilege.

tion would go too far. To the extent Conti wants to know new *facts* that may have changed the views as to the reporting of the losses, those facts can be asked about. Also, since Odom is a tax accountant and the preparer of the amended returns, he can be asked about his views on tax questions from an accountant's viewpoint, as long as he is not also asked the legal views of the attorneys. Similarly, Odom can be asked his accountant's viewpoint of why, on the amended returns, he did not consider Brown to be in a trade or business. He can also be asked questions regarding facts going to that issue. He cannot be asked about the attorneys' opinions. The question, "Was it your understanding when you prepared the amended return, that Mr. Brown was not in a trade or business involving commodities?," is not barred by the work product immunity. The customers do not presently object to any other types of questions.

■ In a surreply the customers have provided four *in camera* documents. The first document is claimed to be protected by the attorney-client privilege even though no attorney-client privilege argument is contained in the customers' briefs. The document is a letter from attorney White to customer Bender. The letter, however, contains no legal advice. The only thing that can possibly be so construed is reference to forwarding certain advice regarding the 1980 return to Bender's CPA. The advice is not delineated and, in any event, if given to the CPA it probably loses any confidentiality it may have had. Additionally, the letter has revisions and notes to "Toni." The customers claim the letter was sent to no one else besides Bender, but apparently this copy or a revised version was sent to Toni, whoever she or he may be. The letter has not been shown to be protected by the attorney-client privilege or work product immunity.

■ The second document is a computer run showing various tax calculations regarding the amended returns. The custom-

ers have represented that this document was prepared after the returns were filed and for a discussion of litigation strategy among the attorneys. That document is protected by the work product immunity.

■ The third document contains notes prepared by another investigative accountant. It simply notes down various payments made to the IRS and various adjustments made to tax returns. It was prepared for the litigation file after the amendments were filed. It is attorney work product.

The fourth document has one sentence redacted from it. It is uncertain when that sentence was added and it was placed there by Odom, an accountant. An unredacted version of the document shall be provided to Conti.

IT IS THEREFORE ORDERED that:

(1) ContiCommodity Services, Inc.'s motion to compel Joseph Odom's testimony and production of documents relating to amended tax returns of Brown, Hemmings, and Bender is granted in part and denied in part.

(2) Consistent with this order, Joseph Odom shall answer the deposition questions previously objected to on attorney-client or attorney work product grounds and shall also answer appropriate follow up questions.

(3) Certain customer parties shall produce the "first document" and an unredacted version of the "fourth document" submitted for *in camera* review.