**In re ESTATE of Francesca HALL, Deceased.**

**NAVY RELIEF SOCIETY, Appellant,**

v.

**Marion Edwyn HARRISON and Charles R. Hoover.**

**No. 71–1671.**

United States Court of Appeals, District of Columbia Circuit.

July 21, 1972.

---

Messrs. John W. Jackson, Arlington, Va., and Thomas S. Jackson, Washington, D.C., were on the brief for appellant.

Messrs. Rex E. Lee and Marion Edwyn Harrison, Washington, D.C., were on the brief for appellees.

Before McGOWAN, LEVENTHAL and MacKINNON, Circuit Judges.

PER CURIAM:

The undisputed evidentiary facts are stated and analyzed with care in Judge Pratt's opinion. In re Estate of Hall, 328 F.Supp. 1305 (D.D.C.1971). They need not be restated here beyond the synopsis that the Navy Relief Society sought to have admitted to probate a holographic writing of decedent, a paper entitled "Last Will and Testament" dated November 30, 1932, which she wrote on the front and back of a single sheet of paper. This writing purports to give all of her expectancy from her grandfather Clapp "to whatever organization cares for the disabled sailors and seamen of the United States Navy and their families." The writing ends in an incomplete sentence reading "All personal effects to be left to." Decedent's own signature appears only as part of the handwritten body ("I, Francesca Ross Hall . . . "). At the top of the first page appear the signatures of two witnesses, Henrietta Lockner, now deceased, and Robert C. Cousins, Sr. Mr. Cousins identified his as the lower of the signatures, and testified that at the time the word "Witnesses" was on the paper but there was no Lockner signature above his, that decedent asked him to leave a space above his signature, without saying why. At the time he signed thus on the first page, decedent was continuing to write and she wrote two more pages, writing on only one side of these pages, signed the last page at the bottom, and then had him attest as a witness at the end.

Judge Pratt granted summary judgment to the administrators. He assumed arguendo that the decedent, who was declared incompetent in January 1933, was competent on November 30, 1932, but he stressed that there was no evidence of custody of the writing from 1932 to 1940,

**342**

and that the envelope in which it was found was never sealed. He held that it had not been established that the writing had been executed properly as a will; that decedent's final intentions as to the original complete document are uncertain; that there is no evidence available of an attestation of the complete original document by Lockner.

While the jurisprudence cautions against summary judgments that deny a party his right to a trial on the facts, here all evidentiary facts are uncontested. As to appellant's claim that it was denied the right to jury determination of ultimate facts, apart from the lack of jury demand, and the indications this was intended to be submitted to the trial judge for full disposition, his ruling is affirmed as a ruling of law based on the uncontested evidentiary facts. The ruling of law may embody some factual components, but so, for example, does the ascertainment of a testator's intent in a will construction case. In a case involving the question whether the formalities requisite to a will have been established, the jury does not have the same role to play as in a case of, say, undue influence, or lack of competency.

■■■■ The rule of "ancient documents" certainly dispenses with the need for outside external authentication of a will over 30 years of age that appears regular on its face. We may assume that, if Cousins' testimony had been unavailable, the rule would operate to establish the authenticity of the single sheet document as genuine not forged. That does not suffice to establish the validity —as a testamentary disposition—either of the whole writing signed by decedent (not available as any kind of document in the record, ancient or otherwise) or the part (the single sheet) that is offered for probate. Henrietta Lockner's signature could not have been on page 1 on November 30, 1932. As Judge Pratt noted, it is certain that Mrs. Lockner did not see decedent sign her name or write any part of the paper; it is not certain whether she ever attested the original document on the last page; and the writing does not effect a complete disposition. These facts, in the context of a will not regular on its face, and the initial break in the chain of custody possibly preceding and for eight years following decedent's adjudication of incompetency, combine to put a heavy burden on plaintiff to show due execution of prescribed formalities *, a burden which the District Judge correctly concluded was not met and could not be met in view of the complete unavailability of pertinent information.

Affirmed.

* D.C.Code § 18–103 (1967 ed.) provides:
"A will or testament, other than a will executed in the manner provided by section 18–107, is void unless it is:
(1) in writing and signed by the testator, or by another person in his presence and by his express direction; and
(2) attested and subscribed in the presence of the testator, by at least two credible witnesses."
Whatever the rule at common law, this statute requiring attestation in the presence of the testator by two witnesses, is not subject to an exception for holographic wills such as is provided, by § 18–107, for nuncupative wills.
Appellant does not challenge the need for attestation by witnesses. It claims that since under District of Columbia law the witnesses need not see each other sign, the proof (including the ancient documents doctrine) permitted a determination that the witness Lockner duly witnessed Francesca Hall's will.