COVINGTON, Judge.
This is an appeal from a judgment decreeing the last will and testament of Melvin L. Augustus executed before Daisy B. Ransom, Notary Public, on March 10, 1978, in Washington, D.C., null and void for lack of required testamentary form. Lillian Thompson, decedent’s daughter from his first marriage, sought to annul and set aside the probate of a testament dated October 21, 1967, alleging that it was revoked by the 1978 testament. The validity of the 1967 will had been previously challenged and upheld in Succession of Augustus, 400 So.2d 1172 (La.App. 1st Cir.1981).
Finding the decision of the trial judge to be correct, we affirm his judgment that the March 10, 1978 testament of Melvin L. Augustus is null and void for non-compliance with the form of wills pursuant to the laws of the District of Columbia.
*74 The applicable law governing the form of a written will in the District of Columbia is set forth in D.C.Code Ann. § 18-103 (1965):
EXECUTION OF WRITTEN WILLS: ATTESTATION.
A will or testament, other than a will executed in the manner provided by Section 18-107,[1] is void unless it is:
(1) in writing and signed by the testator, or by another person in his presence and by his express direction; and
(2) attested and subscribed in the presence of the testator, by at least two credible witnesses.
Revocation of wills is dealt with in D.C. Code Ann. § 18-109 (1965):
(a) A will or codicil, or a part thereof, may not be revoked, except by implication of law, otherwise than by (1) a later will, codicil, or other writing declaring the. revocation, executed as provided by section 18-103 or 18-107.
The pertinent portion of the will involved in this litigation is as follows:
In the presence of the undersigned notary, witnesses (sic) this will has been prepared under my direction and is now signed by me.
Following this paragraph are the signatures of the testator, a notary public and two witnesses. The will fails to recite that the witnesses attested and signed the will in the testator’s presence; validity of form, in this instance, depends upon compliance with the statutory requirement that the will recite that it was signed and attested by the witnesses in the presence of the testator. Such compliance is clearly lacking in this testament.
Attestation consists of the act of witnessing the performance of statutory requirements to a valid execution which is done by witnesses signing their names to a testament in the presence of the testator. “To ‘attest’ the signature of a testator means to take note mentally that the signature exists as a fact.” 94 C.J.S. Wills § 182 (1956). The attestation and subscription by witnesses, where required, must be in accordance with the formalities set forth in the applicable statute. Id. In the District of Columbia, Section 18-103 is given strict interpretation. In re Estate of Hall, 328 F.Supp. 1305, 1308 (D.D.C.1971), aff’d 466 F.2d 340 (D.C.Cir.1972).
In his written reasons for judgment the trial judge stated:
Although subject will was signed by testator in the presence of two witnesses and signed by the witnesses, the will does not recite or show that it was “attested and subscribed in the presence of the testator, by at least two credible witnesses”, as required by the applicable statute. In other words, the will does not recite that the witnesses who signed did so in testator’s presence, neither does it affirm that the witnesses themselves attest that the signature of the testator was affixed in their presence.
We adopt the reasons assigned by the trial court which we have summarized and supported. Accordingly, and for the above reasons, the judgment appealed from is affirmed, with costs to appellants.
AFFIRMED.

. The form provided by § 18-107 is not pertinent to a resolution of the issues in this litigation.