BLANCHE, Justice.*
This court granted writs to consider the correctness of a Court of Appeal ruling, 431 *731 So.2d 73 (La.App. 1st Cir.1983), that a will confected by decedent, Melvin Augustus on March 10,1978, in the District of Columbia, was invalid for failure to comply with statutory form.
The will in question was offered for probate by decedent’s daughter, Mrs. Lillian Thompson. Decedent executed the will before a notary and two witnesses, during a 1978 visit to Washington, D.C. By the terms of this will, decedent specifically revoked a prior testament made in Louisiana in 1967. The testament consisted of one typewritten page, at the end of which the following statement appeared:
“In the presence of the undersigned notary, witnesses (sic) this will has been prepared under my direction and is now signed by me.”
Immediately below this clause followed the signatures of decedent, the notary, and two witnesses.
Appellee-opponent of the will objected that the testament was null, for the reason that it failed to contain an attestation clause in conformity with either Louisiana or District of Columbia statutory law.
Both the trial court and the Court of Appeal found the second will to be invalid. In holding that the testament did not contain a proper attestation clause, the Court of Appeal observed that the will failed to recite that the witnesses attested and signed the will in the presence of the testator. According to the court, such a recitation was required by D.C.Code Ann. § 18-103 (1965), which provides for statutory wills in the District of Columbia.
On the date the case came up for argument, counsel for opponent-respondent conceded that the will was not invalid for failure to comply with the formalities prescribed for the execution of wills under the laws of the District of Columbia. At the same time, counsel filed a motion to remand the matter to the trial court on the grounds that he had recently obtained information that the notary who prepared the will was not a notary in the District of Columbia at the time the will was prepared. A certification of the Assistant Secretary of the District of Columbia and Custodian of Records of Notarial Commissions attached to the motion facially supports this allegation which, if proved, would justify a judgment declaring the will invalid.
The concession amounts to a judicial confession by respondent that the original grounds for contesting the will are without merit, and an acknowledgment that both lower courts were in error. However, we do not choose to reverse the lower courts solely on the basis of respondent’s admission. Our own examination, however, convinces us that the Court of Appeal’s decision should be reversed, and we do so with this brief explanation.
The pertinent section of the D.C. Code, Annotated, provides:
A will or testament ... is void unless it is:
(2) attested and subscribed in the presence of the testator, by at least two credible witnesses.
D.C.Code Ann. § 18-103 (1965). Unlike Louisiana’s statutory will, La.R.S. 9:2442, which requires a specific recitation in the attestation clause that the testator and the witnesses signed in one another’s presence, the D.C.Code simply requires that the above described procedure be followed. What language is necessary in lieu of a specific recitation to demonstrate compliance with this procedure is not clear from a reading of the statute. As a general rule, where no specific form of attestation is required, any form of signing which shows that it is done with the intention of acting as a witness is sufficient. Page on Wills, Bowe-Parker Revision, Yol. 2, § 19:140. Under District of Columbia jurisprudence, it appears that the absence of a detailed attestation clause is not critical to a will’s validity. In Clark v. Turner, 183 F.2d 141, 142 (D.C.Cir.1950), the Court of Appeal stated 'that the failure to contain an attestation clause would not render an otherwise valid will invalid. The Supreme Court dealt with the problem of attestation clauses in Keely v. Moore, 196 U.S. 38, 25 S.Ct. 169, 49 L.Ed. 376 (1904). In that case, the Court upheld a will con *732 taining a separate attestation clause, while observing that “no particular form of attestation was necessary”, 196 U.S. at 42-48, 25 S.Ct. at 170-171.
Considering these holdings, and the less stringent approach towards attestation clauses which they embody, we have no hesitation in finding the attestation in the present case sufficient. The signatures of the witnesses came directly below the statement that the will was prepared and signed before witnesses. Their signatures evidence compliance with the statutory formalities expressed in D.C.Code § 18-103 cited hereinabove. Although not specifically stated, the fact that the witnesses signed in the presence of the testator may be reasonably implied from the witnesses’ presence at the signing, and their signatures directly below those of the testator and notary.
Because we find that decedent’s will conformed to District of Columbia law with respect to attestation, we must reverse the judgment of the Court of Appeal and find the will is not invalid on these alleged grounds.
We now address the motion to remand filed by counsel for appellee-opponents just prior to the time the case was called for argument.
The showing made by counsel in support of the motion is in our view the assertion of a new cause of action to declare the will a nullity. The strength of appellee-oppo-nent’s showing concerning the notary’s qualifications at the time the will was prepared leaves little doubt that, on dismissal of this suit, appellee-opponent may claim against the same party in another suit, identical relief sought here, albeit on different grounds. Available to defendant-appellant in such an event, would be any and all defenses to this new cause of action as though the suit had been filed anew.
Therefore in the interest of judicial economy; i.e. the saving of both time and costs which would attend the filing of a new suit, acting under the authority of our plenary grant of jurisdiction, we remand this case to the trial court for consideration of the qualifications of the notary who prepared the decedent’s will as though the issue was presented to it in a new suit.
REVERSED AND REMANDED.

 Bailes, J. sitting for Justice Marcus.