**CLARK v. TURNER et al.**

**No. 10216.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 1, 1950.

Decided May 29, 1950.

Mr. Henry Lincoln Johnson, Jr., Washington, D. C., with whom Mr. Curtis P.

Mitchell, Washington, D. C., was on the brief, for appellant.

Mr. B. Dabney Fox, Washington, D. C., also entered an appearance for appellant.

Mr. Emory B. Smith, Washington, D. C., with whom Mr. Edmund Hill, Jr., Washington, D. C., was on the brief, for appellees.

Before PROCTOR, WASHINGTON and BAZELON, Circuit Judges.

WASHINGTON, Circuit Judge.

This case involves an effort to establish a lost will.

Phoebe Warfield, a resident of the District of Columbia, died in 1945, and letters of administration were granted to her half-sister. Some two years later, Samuel W. Clark filed a petition alleging that the deceased had left a will, which had become "either lost, misplaced or destroyed." A jury trial was had in the District Court. After hearing evidence offered by the petitioner, the judge directed a verdict against him, denying probate of the alleged lost will.

The testimony at the trial may be summarized as follows: Geneva Davis, a notary public, testified that a draft will was given to her (Miss Davis) by Mrs. Sallie Franklin, a friend of decedent, to be typed; that after the will had been typed Miss Davis took it to decedent's home; that decedent, Mrs. Franklin and a Dr. Billups were present, along with Miss Davis; that Miss Davis read the will to decedent (who apparently was almost blind); that decedent, with the aid of Miss Davis, then signed it and acknowledged it as her last will and testament; that Mrs. Franklin and Dr. Billups signed the will as witnesses; and that Miss Davis then signed the will as notary public. This testimony was corroborated by Mrs. Franklin, who had previously testified that decedent had requested her to draw up the will, and then testified generally to the same effect as Miss Davis. Mrs. Franklin testified to the contents of the will, stating the character and amount of each bequest: the petitioner Clark was to be the principal beneficiary, but neither Mrs. Franklin, Miss Davis nor

Dr. Billups was to benefit. There was some discrepancy between the testimony of Miss Davis and Mrs. Franklin as to the date of execution. Mrs. Franklin's testimony as to the signing of the will by decedent and by the witnesses, and in general, was badly shaken upon cross-examination by the opposing counsel, and by the close questioning of the court. She had professed a legal knowledge, which she apparently did not possess, concerning such matters as the attestation clause of a will, and when the lack of such knowledge became evident, her memory, which was clear upon direct examination, lapsed.

■ The trial court, after hearing this evidence, asked petitioner if he desired to introduce any further proof as to whether or not the will was properly executed. Petitioner said he did not have such evidence, but proffered evidence which would otherwise be relevant if due execution were shown. The trial court without specifically rejecting this proffer directed a verdict against petitioner, apparently on the ground that due execution had not been proved. We believe that his action was in error. There was evidence from Mrs. Franklin, an attesting witness, and Miss Davis, a notary public, tending to prove due execution of the will. Some confusion was manifested as to the exact order of signing by the witnesses to the will and by the decedent, and as to whether the will contained a formal attestation clause, but such matters would not render an otherwise valid will invalid. Billings v. Woody, 83 U.S.App.D.C. 219, 167 F.2d 756, certiorari denied Matthews v. Woody, 335 U.S. 822, 69 S.Ct. 46, 93 L.Ed. 377; see Keely v. Moore, 196 U.S. 38, 42-45, 25 S.Ct. 169, 49 L.Ed. 376.

■ True it is that appellant may have considerable difficulty in proving the remainder of his case. He must show either that the will was in existence at the time of decedent's death or, if he cannot prove that it was in actual existence, he must be able to show that the testatrix intended that the will remain in force, thus rebutting the presumption of revocation. Webb v. Lohnes, 69 App.D.C. 318, 101 F.2d 242,

certiorari denied 306 U.S. 637, 59 S.Ct. 489, 83 L.Ed. 1038; see IX Wigmore, Evidence § 2523. Further, he must prove the contents of the will with reasonable certainty. See 2 Page, Wills § 895 (3d ed. 1941).

■ Appellant proffered testimony on these points. Some of that proffered evidence was rejected by the trial court on the ground that the witness who was offered had been the attorney for the decedent and therefore the testimony was privileged and could not be received in the case. We think that exclusion erroneous. Such testimony has in the past been held admissible. Glover v. Patten, 165 U.S. 394, 406–408, 17 S.Ct. 411, 41 L.Ed. 760; Olmstead v. Webb, 5 App.D.C. 38, 50–51; Eicholtz v. Grunewald, 313 Mich. 666, 21 N.W.2d 914; Hugo v. Clark, 125 Va. 126, 99 S.E. 521; see VIII Wigmore, Evidence § 2314. The attorney-client privilege, unless waived, excludes what would otherwise be relevant evidence; the justification for this is the public interest in protecting the confidential character of such relationships. Without such privilege, full interchange of information, which is necessary to the proper conduct of the relationship, would not be possible. But because the privilege does preclude introduction of evidence, and thus hampers the trial court in correctly ascertaining the facts, it must be carefully confined in application to those situations which fall within the ambit of the purpose for which it was created. Here the client is dead. It is her disclosures which were sought to be introduced. They in no way discredit her. The proffer was of testimony as to the existence of the will and its contents. If decedent had executed a will, to exclude such testimony would defeat the carrying out of her intent, and certainly would in no way advance the purpose for which the privilege is granted. Glover v. Patten, supra, 165 U.S. at page 408, 17 S.Ct. 416, 41 L.Ed. 760.

■ Other testimony as to the will's continued existence was not specifically rejected by the trial court, but its introduction was precluded by the demand of the court for proof relating solely to due execution of the will and its direction of a ver-

dict when no further offer of such proof was made. This in effect was to exclude the evidence. As we have noted, there was sufficient evidence to justify the submission of the issue of due execution to the jury. The exclusion of evidence as to the continued existence of the will was erroneous.

The appellant's task in establishing a lost will is at best a difficult one, and he may not succeed. But he is entitled to his day. The judgment of the District Court should be

Reversed, and the cause remanded for a new trial.