**In re Edwin SHAPIRO, a witness before the February 1974 Grand Jury.**

**No. 74 GJ 982.**

United States District Court,
N. D. Illinois.

Sept. 19, 1974.

U. S. Atty. James Thompson, Asst. U. S. Atty. Mike O'Brien, Chicago, Ill., for petitioner.

Edwin H. Shapiro, Chicago, Ill., for respondent.

## MEMORANDUM AND ORDER

ROBSON, Chief Judge.

This matter is before the court on the petition of the United States for an order directing Edwin Shapiro, a witness before the February 1974 Grand Jury, to deliver certain tax records named in a subpoena duces tecum to the grand jury. Shapiro has refused to produce the records on the basis of the attorney-client privilege in that he is an attorney and that Robert W. Rajewski, the taxpayer whose records are the subject of the subpoena, has instructed him to assert the privilege. For the reasons set forth below, the court is of the opinion that the privilege was not properly invoked and, accordingly, the government's petition shall be granted.

The documents sought by the government fall within three general categories:

1) retained copies of Rajewski's income tax returns;

2) summaries of income and expenses furnished to Shapiro by Rajewski and used by Shapiro in the preparation of Rajewski's income tax returns; and

3) workpapers and schedules prepared by Shapiro in the preparation of those income tax returns.

The essential elements of the attorney-client privilege are set forth as follows:

"(1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived." 8 Wigmore, Evidence § 2292 (McNaughton rev. 1961).

■■ The burden of establishing the foregoing rests on the claimant seeking to assert the privilege and its scope should be "strictly confined within the narrowest possible limits." 8 Wigmore, Evidence § 2291 (McNaughton rev. 1961); United States v. Goldfarb, 328 F.2d 280 (6th Cir.), cert. denied, 377 U.S. 976, 84 S.Ct. 1883, 12 L.Ed.2d 746 (1964); United States v. Schmidt, 360 F.Supp. 339 (M.D.Pa.1973). The court is of the opinion that the witness has failed to establish the second and fourth elements.

■■ The second prerequisite cited by Wigmore is that the attorney must have been acting in his capacity as a professional legal advisor at the time the disclosures were made. Thus, where the attorney acts as a business advisor or collection agent,[1] gives investment advice,[2] or handles financial transactions for his client,[3] the communications between him and his client are not protected by the privilege. Similarly, where the services performed by the professional are typically rendered by an accountant, the fact that the person employed happens to be an attorney should not change the status of what would otherwise be unprivileged communications. Olender v. United States, 210 F.2d 795 (9th Cir. 1954); United States v. Chin Lim Mow, 12 F.R. D. 433 (N.D.Cal.1952).

■■ The particular records sought herein pertain solely to the preparation of Rajewski's income tax returns. The court is of the opinion that the prepara-

1. Kelly v. Simon, 9 Am.Fed.Tax R.2d 888 (S.D.Cal.1962).

2. Colton v. United States, 306 F.2d 633 (2d Cir. 1962), cert. denied, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963).

3. Lowy v. Commissioner, 262 F.2d 809 (2d Cir. 1959).

tion of tax returns is sufficiently within the professional competence of an attorney to be protected by the privilege but only if the preparation of the returns is part of a bona fide attorney-client relationship evidenced by significant other legal services rendered by the attorney for the taxpayer.[4] The witness herein has failed to establish that he performed any legal services for Rajewski other than the preparation of the tax returns. Thus the court must presume that he was acting in the capacity of an accountant and not as an attorney and that the documents sought are not protected by the privilege.

The fourth prerequisite cited by Wigmore is that the privilege protects only those documents and oral statements communicated to the attorney in professional confidence. Colton v. United States, *supra*. However, the documents sought herein consist of information not intended by the taxpayer to be confidential. The retained copies of the income tax returns are, of course, of a non-confidential nature, as the material was intended to be communicated to third parties; the same is true for the income and expense summaries given to Shapiro for inclusion in the returns. The workpapers of Shapiro, by definition, consisted of information that was intended to be transcribed onto the tax returns, and cannot be of a confidential nature. It is therefore clear that the documents sought by the United States were not communicated in confidence and do not fall within the attorney-client privilege. Colton v. United States, *supra*; United States v. Merrell, 303 F.Supp. 490 (N.D.N.Y.1969); In re Fisher, 51 F.2d 424 (S.D.N.Y.1931); *see* Couch v. United States, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973).

It is therefore ordered:

1. The counter-petition of Edwin Shapiro that this court quash the subpoena duces tecum served upon him shall be, and the same is hereby, denied.

2. The petition of the United States shall be, and the same is hereby, granted.

---

4. The issue of whether the preparation of tax returns constitutes legal advice has been the subject of discussion by several courts with varying conclusions. *See* In re Fisher, 51 F.2d 424 (S.D.N.Y.1931); Olender v. United States, 210 F.2d 795 (9th Cir. 1954); Colton v. United States, *supra*; United States v. Threlkeld, 241 F.Supp. 324 (W.D.Tenn. 1965); Canaday v. United States, 354 F.2d 849 (8th Cir. 1966); United States v. Schmidt, *supra*; Petersen, Attorney-Client Privilege in Internal Revenue Service Investigations, 54 Minn.L.Rev. 67 (1969).