George SHAMBLEY, Appellant,

v.

UNITED STATES, Appellee.

No. 12058.

District of Columbia Court of Appeals.

Submitted Jan. 9, 1978.

Decided Aug. 23, 1978.

Henry Schoenfeld, Washington, D.C., appointed by the court, was on brief for appellant.

Earl J. Silbert, U.S. Atty., and John A. Terry, John L. Kern, and James N. Owens, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before KELLY, HARRIS and FERREN, Associate Judges.

HARRIS, Associate Judge:

Appellant was tried by a jury and convicted of armed robbery. D.C.Code 1973,

1. The former Super.Ct.Cr.R. 16–I, which was in effect at the time of trial, was superseded on July 1, 1977, by a new Rule 12.1 which is almost identical in its paragraphs (a), (b), and (d). Rule 16–I provided:

(a) DEMAND BY PROSECUTOR; NOTICE BY DEFENDANT. When the defendant in a felony case proposes to offer the defense of alibi, he shall, unless the judge at pretrial directs otherwise, upon written demand of the prosecutor stating the time, date and place at which the alleged offense was committed, serve upon the prosecutor within 10 days or such time as the court may otherwise direct, a written notice of his intention, and shall state therein the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish an alibi.

§§ 22–2901, –3202. On appeal, his sole allegation is that it was reversible error for the trial court to refuse to strike the complainant's testimony rebutting appellant's alibi defense. This argument is based upon the fact that the government did not give formal written notice to defense counsel of the name and address of the complainant. The court was required to strike such testimony, appellant claims, by the then-existing Super.Ct.Cr.R. 16–I(b) & (c).[1] We affirm.

Prior to trial, the government elected to file a "Demand for Notice of Alibi Witnesses." In response, defense counsel submitted both a statement of the place where appellant claimed to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intended to rely to establish the alibi. The government thereafter did not serve upon appellant a written notice "stating the names and addresses of the witnesses upon whom the government intend[ed] to rely to establish the defendant's presence at the scene of the alleged offense" as required by the then-Super.Ct.Cr.R. 16–I(b). In fact, the complainant was the only government witness who could establish appellant's presence at the scene of the crime.

At trial, defense counsel requested the court to exclude the testimony of any government witness who would establish his presence at the scene of the offense. The court denied the motion and allowed

(b) NOTICE BY PROSECUTOR. Within 10 days thereafter, or such time as the court may otherwise direct, but in no event less than 10 days before trial, the prosecutor shall serve upon the defendant or his attorney a written notice stating the names and addresses of the witnesses upon whom the government intends to rely to establish the defendant's presence at the scene of the alleged offense.

(c) FAILURE TO COMPLY; RIGHT OF DEFENDANT TO TESTIFY. Upon the failure of either party to comply with the respective requirements of this rule the court shall, except for good cause shown, exclude the testimony of any witness offered by such party as to the defendant's absence from, or presence at, the scene of the alleged offense. This rule shall not limit the right of the defendant to testify in his own behalf.

the complainant to identify appellant as the man who pulled the gun on him and robbed him.

■ Appellant asserts that Rule 16–I(c) required the trial court to exclude the testimony of the complaining witness, and that the court's refusal to do so constituted reversible error. We conclude that paragraphs (b) and (c) of Rule 16–I [now essentially Rules 12.1(b) and (d)] should be interpreted broadly enough to encompass the formal identification of complainants as well as of other witnesses. Nonetheless, we hold that the government's failure of strict compliance was harmless.

■ Rule 16–I was promulgated in order to prevent the use of a surprise defense of alibi.[2] Under paragraph (a) of Rule 16–I (now Rule 12.1), if the defendant proposed to present an alibi defense and if the prosecutor elected to make a written demand for the relevant alibi information, the defense was required to provide it. However, the Supreme Court recognized in *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), that "[i]t is fundamentally unfair [and violative of the Due Process Clause] to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State." *Id.*, at 476, 93 S.Ct., at 2213. Paragraph (b) of Rule 16–I remedied this unfairness and thus balanced the "forces between the accused and his accuser," *id.*, at 474, 93 S.Ct., at 2212, by requiring the government to notify the defendant of all witnesses to be relied upon by it "to establish the defendant's presence at the scene of the alleged offense" in those cases in which the government triggered the exchange of information as to the identity of alibi witnesses.

■ The implicit purpose of Rule 16–I thus was reciprocal discovery of the identity of all witnesses, both government and defense, who would be expected to testify on the issue of alibi. In this case, however, we are satisfied that there was no prejudice to the defendant. The indictment named the victim of the robbery, and there is no indication that appellant, after thus being apprised of the complainant's name, made any unsuccessful effort to obtain the victim's address.[3] Appellant does not and could not claim that he was surprised by the government's calling of the complaining witness to testify, nor does he allege any way in which the government's failure to give the type of formal notice contemplated by Rule 16–I prevented him from positively identifying the witness prior to trial.[4] While the government is obliged to include a complainant's name and address in its notification of alibi witnesses, there is no basis on this record for setting aside appellant's conviction.

*Affirmed.*

---

2. *See* Comment to former Super.Ct.Cr.R. 16–I.

3. We take judicial notice of the fact that PD–251 forms, the offense reports which are prepared by the Metropolitan Police in all criminal cases and which are matters of public record, contain blanks to be filled in with the complainant's name, address, and telephone number. While a PD–251 form for this case is not part of the record on appeal, we note that in cases in which the form has been fully completed, it provides defense counsel with an easily-obtainable source of information about the complaining witness.

4. Appellant's allegations in his brief (1) that the prosecutor's failure to formally supply the complainant's address "curtailed appellant's opportunity to conduct pre-trial investigation of this witness," and (2) that "[r]evelation of this witness' address might have led an investigation to information that would have shaken his credibility in the eyes of the jury," are without factual support in the record.