**In re WITNESS BEFORE THE GRAND JURY.**

No. 85–MISC–54.

United States District Court, E.D. Wisconsin.

June 18, 1985.

G. Roger Markley, Sp. Asst. U.S. Atty., Chicago, Ill., for the government.

William M. Coffey, Coffey, Coffey & Geraghty, Milwaukee, Wis., for the witness.

## ORDER

CURRAN, District Judge.

The government has filed a Motion to Compel Testimony of a witness who testified before the grand jury on March 5, 1985, and declined to answer two questions: (1) who brought up the idea of listing income as "fees and commissions" on his federal income tax return, and (2) whether he and his tax attorney had any conversations as to how much the witness earned and how much he spent. The witness refused to answer these questions on the ground of attorney-client privilege. He has submitted a brief in response to this motion which is now ready for decision.

 The attorney-client privilege is an evidentiary privilege, not a constitutional right. *See* Federal Rule of Evidence 501. The privilege only prohibits the disclosure of the substance of communications made in confidence by a client to his attorney for the purpose of obtaining legal advice. The attorney-client privilege is intended to be strictly confined within the narrowest pos-

sible limits consistent with the logic of its principle, and the privilege is designed to protect only such information a client communicates to his attorney so that the attorney may properly, competently and ethically carry out his representation. *United States v. Weger,* 709 F.2d 1151, 1154 (7th Cir.1983).

A party seeking to invoke the attorney-client privilege has the burden of establishing all of its essential elements. *United States v. First State Bank,* 691 F.2d 332, 335 (7th Cir.1982). These elements were set forth in *Radiant Burners, Inc. v. American Gas Association,* 320 F.2d 314, 319 (7th Cir.), *cert. denied,* 375 U.S. 929, 84 S.Ct. 330, 11 L.Ed.2d 262 (1963):

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

The claim of privilege must be made and sustained on a question-by-question or document-by-document basis. *First State Bank,* 691 F.2d at 335.

■ The instant case is unusual in that the client who is asserting the privilege is not the target of the grand jury investigation. In this case the lawyer is the target. The witness has cited no authority for the proposition that the attorney-client privilege is meant to cover this type of situation.

The subject matter of the testimony the government seeks to elicit concerns the preparation of the witnesses' federal income taxes. Other courts in this circuit have held that "where the attorney acts as a business advisor or collection agent, gives investment advice, or handles financial transactions for his client, the communications between him and his client are not protected by the privilege." *In re Shapiro,* 381 F.Supp. 21, 22 (N.D.Ill.1974) (footnotes omitted). *See also First Wisconsin Mortgage Trust v. First Wisconsin Corporation,* 86 F.R.D. 160, 174 (E.D.Wis.1980).

More specifically, the preparation of tax returns is generally not considered legal advice within the scope of the attorney-client privilege. The Seventh Circuit Court of Appeals has explicitly held that "information transmitted for the purpose of preparation of a tax return, though transmitted to an attorney, is not privileged information." *United States v. Lawless,* 709 F.2d 485, 488 (7th Cir.1983). "[A]lthough preparation of tax returns by itself may require some knowledge of the law, it is primarily an accounting service. Communications relating to that service should therefore not be privileged, even though performed by a lawyer." *United States v. Davis,* 636 F.2d 1028, 1043 (5th Cir.), *cert. denied,* 454 U.S. 862, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981). *See also United States v. El Paso Company,* 682 F.2d 530 (10th Cir.1982), *cert. denied,* 466 U.S. 944, 104 S.Ct. 1927, 80 L.Ed.2d 473 (1984); *United States v. Willis,* 565 F.Supp. 1186 (S.D.Ia.1983). The government has submitted a transcript of the March 5, 1985, grand jury proceedings in connection with its motion. During those proceedings the witness testified that he sought advice from his attorney regarding his gem business (Transcript at 9) and the preparation of his income tax return (*Id.* at 13). The two questions for which the privilege has been asserted clearly relate to the preparation of the tax returns. Thus, the information sought is not privileged.

A second basis for compelling this testimony from the witness is that it appears to fall within the continuing or contemplated crime or fraud exception to the attorney-client privilege. If the government makes a prima facie showing that the professional attorney-client relationship was intended to further a criminal enterprise, the privilege does not exist. *See In re Special September 1978 Grand Jury,* 640 F.2d 49, 59 (7th Cir.1980). This is so even if the lawyer is an unwitting participant in the fraud or crime. *See In re Grand Jury Proceedings,* 680 F.2d 1026, 1029 (5th Cir.1982). During the grand jury proceedings the witness testified that he had profited from the sale of cocaine (Transcript at 16) and that he did not report this profit on the income

**34**

tax return prepared by his attorney. (*Id.* at 17). By his own admission the witness filed a false income tax return for the year 1980. It follows, therefore, that the preparation of the 1980 return was part of a fraudulent, if not criminal, act. In 1984 a jury convicted the witness of dealing in narcotics and of engaging in a continuing criminal enterprise. The court finds that this conviction, plus the witnesses' subsequent grand jury testimony constitutes a prima facie showing that the preparation of the 1980 tax returns furthered his criminal conduct. Therefore, the crime-fraud exception to the attorney-client privilege applies in this situation. *See Ohio-Sealy Mattress Manufacturing Company v. Kaplan,* 90 F.R.D. 21, 29–30 (N.D.Ill.1980).

Accordingly, the court ORDERS that the Government's Motion to Compel Testimony (filed May 14, 1984) IS GRANTED.