# IN THE MATTER OF THE ESTATE OF PTOLEMY CORBIERE, DECEASED

Probate No. 44/1989

ANGELA McGHEE, Plaintiff

v.

ERIA O. BRYAN, BERTRAM BRYAN, SHEILA BRYAN, BAR-
BARA A. BRYAN, EDITH CORBIERE FORDE, ALICIA
TORRES, DILSA TORRES CAPDEVILLE, ELIZABETH
TORRES BROWN, LEROY MOOREHEAD, JOHN
McDONALD, MICHAEL McDONALD, AND ANDREW L.
CAPDEVILLE, Defendants

Civil No. 56/1990

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

February 5, 1990

8

HENRY V. CARR, III, ESQ., St. Thomas, V.I., *for plaintiff*

RICHARD P. FARRELLY, ESQ., St. Thomas, V.I., *for the estate and defendants*

CHRISTIAN, *Judge*

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This matter is now before the Court on the Motion of Plaintiff Angela McGhee, Contestant of the validity of the Will executed by decedent on February 7, 1989, (hereafter "Movant"), for an Order (a) compelling Eria Bryan[1] and John P. deJongh, Esquire[2], to answer all questions at deposition and/or at trial concerning any communications they had with decedent regarding the preparation and drafting of said Will; (b) requiring Attorney deJongh to produce for inspection of Counsel for Movant, Henry V. Carr, III, Esquire, any file he made relative to the preparation of the Will; and (c) requiring Richard P. Farrelly, Esquire, the Attorney for the Estate (hereafter "Farrelly"), and/or Eria Bryan to pay Movant's costs, including legal fees, incurred in obtaining aforesaid Order. The Motion will be granted in its entirety.

### II. FACTUAL BACKGROUND

The decedent executed two Wills which are relevant to this Will Contest proceeding: the first on December 12, 1984, and the second on February 7, 1989. Movant is a residual beneficiary under the first

---

[1] Eria Bryan acted as decedent's representative in communicating to decedent's lawyer his directions as to what the contents of the Will should be.

[2] Attorney deJongh was the lawyer who drafted the Will pursuant to those directions.

Will, but she was left out as such under the second Will. Pursuant to 5 V.I.C., App. IV, Rule 191(c), Eria O. Bryan (hereafter "Bryan"), by virtue of the fact she was named Executrix in the Will, filed a Petition dated April 26, 1989, on May 1, 1989, praying the Court to admit the second Will to probate and record, and to grant her Letters Testamentary, without bond as directed in the Will, authorizing her to execute the Will as written. Bryan's Petition was granted and accordingly Order of Probate and Letters Testamentary issued by the Court on July 26, 1989.

On July 26, 1989, pursuant to 5 V.I.C., App. V, Rule 24, a Declaration of Contest of the validity of this (second) Will was filed by Movant, using Henry V. Carr, III, Esquire, as her Attorney. Attorney Carr filed Notice of [his] appearance dated July 18, 1989, on July 19, 1989. Thus, according to Rule 24 id., a civil action, separate and apart from the probate proceeding, was commenced. The only party defendant at the time, Bryan, filed her Answer to the Declaration of Contest on August 15, 1989, thus joining the issues to be tried therein.[3] The issues thus joined are all the allegations in the Declaration, but principally that the February 7, 1989, Will is not the last Will of decedent because:

(a) "he was not of sound and disposing mind at the time of its execution";

(b) "he did not execute said instrument in the manner and form required by the laws of the Territory of the Virgin Islands";

(c) "he was under the undue influence of Bryan at the time of its execution"; and

(d) "in that its execution was procured by fraud, and that he did not intend nor did he believe that he was executing a testamentary document".[4]

Notices of Taking the Deposition of Bryan on September 19, October 19, and November 16, 1989, were duly served.

During the taking of Bryan's deposition on November 16, 1989, Attorney Carr asked her several questions concerning the prepara-

---

[3] Although, pursuant to Rule 24, as soon as the Declaration of Contest is filed, a civil action, separate and apart from the probate proceeding in the Probate Division of the Court, is begun in the Civil Division of the Court, Bryan filed her Answer in the Probate Division of the Court sub nom. the Probate caption. Pursuant to the Rule, the Declaration of Contest and all pleadings and other papers filed thereafter will be given a civil number and tried as a case in the Civil Division of the Court.

[4] See Paragraphs 6, 7, 8 and 9 of the Declaration and correlative Paragraphs of Bryan's Answer thereto.

tion and drafting of decedent's second Will by John deJongh, Esquire. Farrelly instructed her to refuse to answer any of these questions on the ground of the attorney-client privilege. See 5 V.I.C., Section 854(1). At no time did Farrelly object to Bryan's answering these questions on the ground of relevancy. These questions were deemed by Movant to be relevant on the issue of undue influence, i.e., whether decedent was under the undue influence of Bryan at the time of the drafting and execution of his second Will to the extent that such Will was not the product of his wants, desires, or wishes, but instead the product of Bryan's.

After being apprized by Attorney Carr that the attorney-client privilege is not applicable to the instant matter by virtue of 5 V.I.C., Section 854(2)(b), Farrelly stated he will stand by his attorney-client privilege objection by virtue of Section 854(1) id., with regard to any question(s) that Attorney Carr might ask as to any communication between Bryan, the decedent, and Attorney deJongh, concerning the preparation and drafting of the decedent's Will, the validity of which is being contested by Movant.[5]

Not being able to resolve the issue, as Movant's Attorney stated at the taking of the deposition he would, the instant Motion to Compel was filed pursuant to Rule 37(a)(2), and for costs including attorney's fees pursuant to Rule 37(a)(4), of the Federal Rules of Civil Procedure.

## III. DISCUSSION

### A. MOTION TO COMPEL

Movant admits that as a general rule 5 V.I.C., Section 854(1) provides in pertinent part that:

> [s]ubject to section 865 of this title, and except as otherwise provided by paragraph 2 of this section communications found by the judge to have been between lawyer and his client in the course of that relationship and in professional confidence, are privileged, and a client has a privilege (a) if he is the witness to refuse to disclose any such communication, and (b) to prevent his lawyer from disclosing it, and (c) to prevent any other witness from disclosing such communication if it came to the knowledge of such witness (i) in the course of its transmittal between

---

[5] See Transcript of Deposition of Bryan taken November 16, 1989: Page 48, lines 16–25; Page 49, lines 2–17; and Page 53, lines 2–5.

the client and the lawyer, or (ii) in a manner not reasonably to be anticipated by the client, or (iii) as a result of a breach of the lawyer-client relationship. The privilege may be claimed by the client in person or by his lawyer, or if incompetent, by his guardian, or if deceased, by his personal representative.

However, she contends that the fact situation giving rise to the issue here presented for decision entitles her to invoke the benefits of the exception to the rule codified as subdivision (2)(b) of Section 854 id., that "[s]uch privileges shall not extend to a communication relevant to an issue between parties all of whom claim through the client, regardless of whether the respective claims are by testate or intestate succession or by inter vivos transaction."

Further, elaborating in support of her contention, she cited to the Court 81 Am. Jur. 2d (Witnesses) Section 201, which deals with the rule of law regarding the applicability of the attorney-client privilege regarding communications as to Wills:

> The courts are agreed upon the general rule that while a client is still alive, his communications with his attorney concerning the preparation of the client's will are privileged. Where, however, the client is dead and the controversy arises concerning the validity of the Will, or between the claimants, thereunder, an exception or limitation has been engrafted upon the general rule of privilege respecting confidential communications between attorney and client. Without differentiating between types of claimants against whom the privilege is raised, some courts hold that no privilege exists to communications between the testator and his attorney concerning the drafting of a Will. The conclusion that the testator's Will-drafting attorney may testify concerning communications with the testator is based by some courts upon the fact that the parties to the action in which the question of privilege arises all claim under the testator. In this respect, the view is taken that communications by a client to the attorney who drafted his Will, concerning the Will and transactions leading to its execution, are not, after the client's death, protected as privileged communications in a suit between the testator's heirs, devisees or other parties who claim under him. [Underscoring ours.] [Citations omitted.]

Her Brief also cites 66 A.L.R.2d (Annotated) 1302, Privilege as to Communications to attorney in connection with drawing of Will; Denver National Bank v. McLagan, 298 P.2d 386 (Col. 1965); Clark v.

12

Turner, 183 F.2d 141 (1950); Eicholtz v. Grunervald, 21 N.W.2d 914 (Mich. 1946); In Re Grand Jury Investigation, 723 F.2d 447 (6th Cir. 1983); United States v. Under Seal, 748 F.2d 871 (4th Cir. 1984); and In Re Shapiro, 381 F. Supp. 21 (Ill. 1974).

This Motion to Compel was made to the Court because legal procedures were initiated to obtain the deposition of Bryan to discover what communications ensued between her and decedent and between her and decedent's attorney in connection with the drafting and execution of his second (February, 1989) Will. Instead of communicating directly with his attorney for this purpose, decedent used Bryan as an intermediary. It is clear that this cast Bryan in the role of an agent of the decedent for this limited purpose. Movant's attempt to depose Bryan as such agent and the attorney who drafted the Will is an effort to determine how these assignments were carried out by both Bryan and the attorney, whether they performed their respective functions in such a manner that the end product, the provisions of the Will, are truly those of decedent in every respect, and not those of someone else because of any one or more of the grounds stated for filing the Motion listed in parts (a) through (b) of the Factual Background which appears above.

The authorities cited and argued to the Court are in some cases controlling, in others merely persuasive. There can be no question but that 5 V.I.C., Section 854 as construed by the Court is the law of the case, "the rule of decision" as the Federal Rules of Evidence put it,[6] to be applied by the Court, no matter what the persuasive authorities which do not serve to assist the Court to correctly construe the statute may say.

We therefore proceed to examine and determine the meaning of 5 V.I.C., Section 854. Since Bryan was acting as an agent of decedent in communicating to his attorney what she claims were his wishes to be incorporated in his 1989 Will, there is no question but that such communications, to the extent that decedent was competent when he made them to Bryan, and to the extent that they were correctly stated to the attorney who drafted the Will, fall within the general rule codified as subdivision 854(1) of the attorney-client privilege, as Bryan contends. But Section 854(1) is not the whole rule. There is also the 854(2) subdivision making several exceptions to the 854(1) subdivision. The issue raised by the Motion is whether the

---

[6] See Federal Rules of Evidence 501.

discovery which the Court is asked to compel falls within the ambit of one of these exceptions to the general rule, within the ambit of the (2)(b) exception. Were these communications "relevant to an issue between parties all of whom claim through the client, [the decedent] regardless of whether the respective claims are by testate or intestate succession or by inter vivos transaction?"

The Movant contends that these communications do fall within the ambit of this exception, and therefore any such communications are not privileged, whether as they were made by decedent to Bryan, or as they were made by Bryan to decedent's attorney; or, for that matter, as they may have been made in the inverse order—from the attorney to Bryan to the decedent.

Movant posits as her first authority for this position she takes on the issue the plain words of the statute, that these are communications relevant to an issue between parties all of whom claim through decedent by testate succession. We agree. We shall deal with the persuasive authorities cited by Movant in support of her position later.

■ Bryan, on the other hand, claims that the 854(2)(b) exception does not apply because she is not a party claiming through the client (the decedent). Bryan becomes entitled to a claim against the assets of the estate in that having been named by decedent to act as personal representative in the administration of his estate, and having been appointed upon qualification to act in that capacity, and to faithfully discharge the duties of that office, she is vested with the right, as she is charged with the duty, to see to it that the directions of the decedent in his Will are duly implemented for which, according to the general practice in this jurisdiction, she is entitled to, and receives, just and reasonable compensation. Since Bryan will lose these benefits if the Will under attack is declared null and void, she is without question "a bonafide party in her own right claiming through the client", the decedent. Therefore, the exception codified at 5 V.I.C., Section 854(2)(b) does apply in the case before us, giving Bryan standing as a party to defend the aforesaid interests. Note that we held similarly in the case of Andrew L. Capdeville who was named Executor in the prior Will (executed on December 12, 1984), which Plaintiff seeks to reinstate and have executed.

It must also be borne in mind that Bryan is not only a party claiming through the client by virtue of the aforesaid personal interests, but as the Executrix named in the Will who duly qualified, and was appointed by the Court to discharge the duties of that office, in the

14

fiduciary capacity thus cast on her, it is her duty to see to it that the disposition of the estate as made in that Will, and no other, testate or intestate, is implemented. Acting in that fiduciary capacity she is the duly appointed and commissioned representative of all those entitled to take under the Will. 31 Am. Jur. 2d, Executors and Administrators, Sections 180, 185. Her failure to discharge the aforesaid duties according to her oath renders her liable to removal by the Court. 15 V.I.C., Section 240(b) and (c).

■ We hold as a general rule that anyone who stands to lose any real benefit, either in a personal proprietary or in a representative or fiduciary capacity, by virtue of the annulling of a Last Will and Testament of a decedent, including a personal representative of decedent, is a rightful claimant under the Will within the meaning, purpose and intent of 5 V.I.C., Section 854(2)(b), and is entitled to act as and be considered a party as provided in aforesaid subsection, provided the issue arises after the death of the maker of the Will.

This brings us to the nonstatutory authorities cited to the Court by Movant to aid the Court in its interpretation of 5 V.I.C., Section 854. Since 81 Am. Jur. 2d (Witnesses), Section 201 and 66 A.L.R.2d 1302 merely call attention to applicable first-hand authorities on the issue, we shall refer only to the latter briefly.

■ The great weight of the authorities and the text-writers is that communications between attorney and client during the preparation of a Will are not privileged. This rule, where the contest is between parties not strangers to the estate, appears to be universal, except where a statute controls. Eicholtz v. Grunerwald, 21 N.W.2d 914 (1946), citing In Re Loree's Estate, 158 Mich. 372, 377, 122 N.W. 623, 625; 64 A.L.R. 185 and cases cited. We consider 5 V.I.C., Section 854(2)(b) to be in conformity herewith.

While Clark v. Turner, 183 F.2d 141 (1950), deals with establishing a lost Will, we view the following excerpt from that Opinion as shedding some light on the issue before us.

> Appellant proffered testimony on those points. Some of that proffered evidence was rejected by the trial court on the ground that the witness who was offered had been the attorney for the decedent and therefore the testimony was privileged and could not be received in the case. We think that exclusion erroneous. Such testimony has in the past been held admissible. Glover v. Patten, 165 U.S. 394, 406–408, 17 S.Ct. 411, 41 L.Ed. 760; Olmstead v. Webb, 5 App. D.C. 38, 50–51; Eicholtz v. Grunewald,

15

313 Mich. 666, 21 N.W.2d 914; Hugo v. Clark, 125 Va. 126, 99 S.E. 521; See VIII Wigmore, Evidence Section 2314. The attorney-client privilege, unless waived, excludes what would otherwise be relevant evidence; the justification for this is the public interest in protecting the confidential character of such relationships. Without such privilege, full interchange of information, which is necessary to the proper conduct of the relationship, would not be possible. *But because the privilege does preclude introduction of evidence, and thus hampers the trial court in correctly ascertaining the facts, it must be carefully confined in application to those situations which fall within the ambit of the purpose for which it was created. Here the client is dead. It is her disclosures which were sought to be introduced. They in no way discredit her. The proffer was of testimony as to the existence of the will and its contents. If decedent had executed a will, to exclude such testimony would defeat the carrying out of her intent, and certainly would in no way advance the purpose for which the privilege is granted. Glover v. Patten, supra, 165 U.S. at page 408, 17 S.Ct. 416, 41 L.Ed. 760.*

Clark v. Turner, supra at 142 (emphasis added). Similarly, in the case before us, to preclude the discovery sought could militate against the interest of the Movant as well as that of Bryan and those she represents as Executrix of the entire estate, and indeed could hamper the Court in its quest to determine the truth.

While in Denver National Bank v. McLagan, 298 P.2d 386 (1956), citing numerous decisions collected in 64 A.L.R. 184, et seq. the Court held that an attorney who draws a Will is a competent witness, after the death of the testator, to testify to all matters leading up to the execution of the Will, including statements of the testator, his mental condition and to the facts relating to the issue of undue influence and other matters affecting the validity of the Will, this case is inapposite to the case sub judice as in that case the attorney was a witness to the execution of the Will, and, by so permitting him, the testator waived the attorney-client privilege. See 66 A.L.R.2d 1310, and citations.

In Re Shapiro, a witness before the February, 1974 Grand Jury No. 74 GJ 982, 381 F. Supp. 21 (1974), the essential elements of the attorney-client privilege were set forth as follows: "(1) where legal advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose,

16

(4) made in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived". 8 Wigmore, Evidence Section 2292. (McNaughton rev. 1961)."

"The burden of establishing the foregoing elements rests on the claimant seeking to assert the privilege, and its scope should be confined within the narrowest limits. Id. at Section 2291; U.S. v. Goldfarb, 328 F.2d 280 (6th Cir.), cert. denied, 377 U.S. 976, 84 S. Ct. 1883, 12 L. Ed. 2d 746 (1964); U.S. v. Schmidt, 360 F. Supp. 339 (M.D. Pa. 1973)". [underscoring ours].

This Court is of the opinion that Bryan has failed to establish the first, fourth and sixth of the aforesaid elements. It has not been shown to the satisfaction of the Court that any legal advice was sought by decedent directly or through Bryan in these communications; that they were confidential (at least they were communicated to Bryan, who for this limited purpose could be considered a third party); or that decedent asked that they be kept confidential.

Next Movant cites U.S. v. (Under Seal), 748 F.2d 871 (1984), which teaches us that "[a]lthough the privilege has a venerable pedigree and helps to ensure competent and complete legal services, it is nonetheless inconsistent with the general duty to disclose and impedes the investigation of the truth. See NLRB v. Harvey, 349 F.2d 900, 907 (4th Cir. 1965). For this reason, we concluded in In Re Grand Jury Proceedings that the privilege must be strictly construed. 727 F.2d at 1355. With this principle in mind we held that if a client communicates information to his attorney with the understanding that the information will be revealed to others, that information as well as 'the details underlying the data which was to be published' will not enjoy the privilege. In Re Grand Jury Proceedings, 727 F.2d at 1356 (quoting United States v. Cote, 456 F.2d 142, 145 (8th Cir. 1972))."

Finally, Movant cites to the Court In Re Grand Jury Investigation, 723 F.2d 447 (6th Cir. 1983), presumably to establish the rule of decision governing the case, by indicating that according to Section 501 of the Federal Rules of Evidence, local law governs the attorney-client privilege, (Id. at 447 and 450–451), viz:

1. Rule 101 (Scope) of Federal Rules of Evidence provides:

These rules govern proceedings in the courts of the United States and before United States magistrates, to the extent and with the exceptions stated in Rule 1101. 5 V.I.C., App. VI, Rule 101;

17

2. Rule 1101 Id. provides:

(a) *Courts and magistrates.* These rules apply to the United States district courts, the District Court of Guam, the District Court of the Virgin Islands, the District Court for the District of the Canal Zone, the United States courts of appeals, the Court of claims, and to United States magistrates, in the actions, cases, and proceedings and to the extent hereinafter set forth. The terms "judge" and "court" in these rules include United States magistrates and commissioners of the Court of claims; [underscoring ours].

3. Rule 501 id. provides:

Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, state, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which state law supplies the rule of decision, the privilege of a witness, person, government, state, or political subdivision thereof shall be determined in accordance with state law.[7] [underscoring ours];

4. 5 V.I.C., App. IV, Rule 7 of the Rules governing the Territorial Court provides:

The practice and procedure in the territorial court shall conform as nearly as may be to that in the district court in like causes, except where there is an express provision in the law or these rules to the contrary.

In all actions, trials, cases or proceedings in the territorial court, the "Federal Rules of Evidence for United States Courts and Magistrates" (Pub. Law 93–595; 88 Stat. 1926) shall apply and govern the conduct of any such actions, trials, cases or proceedings. [underscoring ours].

Therefore, we hold that 5 V.I.C., Section 854(2)(b) governs the issue before us. Let Order issue accordingly, that the Motion to Compel is granted, and Bryan and deJongh shall submit to being deposed in accordance with the terms of the Motion.

---

[7] The equivalent of state law in this jurisdiction is 5 V.I.C., Section 854.

18

## B. PAYMENT OF COSTS

Subsection (a)(4) of Rule 37 of the Federal Rules of Civil Procedure provides in pertinent part:

> *Award of Expenses of Motion.* If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Attorney Carr called Attorney Farrelly's attention to the aforesaid applicable exception to the general rule at the November 16, 1989, deposition taking. Later, on the same day, after the session for the taking of the deposition, Attorney Carr wrote Attorney Farrelly a letter further explaining Attorney Carr's position, giving proper supporting citations and not just asking, but importuning him, in view of the inapplicability of the general rule, to change his position and advise Bryan, his client, to answer the questions relevant to how the Will in question was prepared. Attorney Carr did this to avoid the expense of having to make and press for the granting of the Motion to Compel.

But Attorney Farrelly would not relent; he refused to reconsider. Therefore, the Court takes the position that unless the parties settle the question, a hearing should be scheduled to give Attorney Farrelly, as the person advising Bryan, and threatening to advise Attorney deJongh, not to answer the questions stated, the opportunity to show cause why he should not be required to pay the reasonable costs, including attorney's fees, of filing and prosecuting the Motion to Compel.

## IV. ORDER

In consideration of the foregoing, it is hereby ORDERED:

1. That Eria O. Bryan and Attorney deJongh shall answer any questions that Movant's attorney should ask during the course of discovery with regard to any communication they had with decedent or with each other regarding the preparation and drafting of his second Will;

2. That John deJongh, Esquire, shall produce for Movant's attorney's inspection his file on decedent's second Will; and

3. That unless the parties settle the question, a hearing is scheduled to take place on February 13, 1990, at 12:30 p.m., to determine the question of the taxing of costs, including reasonable attorney's fees for filing and prosecuting the Motion to Compel, to be paid by Attorney Farrelly.