## In re ESTATE OF Isaac R. BARFIELD.

### T. Carlton Richardson, Appellant.

### No. 98–PR–232.

District of Columbia Court of Appeals.

Argued March 4, 1999.

Decided Aug. 19, 1999.

T. Carlton Richardson, pro se.

Henry H. Jones, Washington, DC, for appellees.

Before TERRY and RUIZ, Associate Judges, and KERN, Senior Judge.

RUIZ, Associate Judge:

This appeal is from the probate court's order granting appellees'[1] 12(b)(6) motion and dismissing with prejudice the complaint of appellant, T. Carlton Richardson, to establish a lost or destroyed will of the decedent, Isaac R. Barfield, and to appoint a special administrator to protect the property of the estate. On appeal, Richardson asserts that the court erred in considering matters outside the pleadings, namely his bar discipline record, without treating the motion as one for summary judgment and providing him with the requisite notice and opportunity to respond. *See* Super. Ct. Civ. R. 12(b) (where "matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present" all relevant material). In the alternative, he argues that the probate court erred in granting appellees' 12(b)(6) motion on the grounds that his complaint failed to allege facts sufficient to support his claim of standing with regard to Barfield's estate or to support the existence of a will. Because we conclude that the probate court did not rely on matters outside the pleadings in dismissing the complaint, and that Richardson's complaint failed to state a claim upon which relief can be granted, we affirm the probate court's order granting appellees' 12(b)(6) motion and dismissing Richardson's complaint.

## I.

On August 17, 1997, Isaac R. Barfield, a District of Columbia resident, died in a car accident. Richardson, an estate planner and one of Barfield's close friends, offered his services to Barfield's family following the death. Although the family initially engaged Richardson to represent them in matters pertaining to the estate, appellee Sampson, one of Barfield's daughters, terminated this arrangement several weeks later after discovering that Richardson's license to practice law had been suspended in Florida and the District of Columbia,[2] both jurisdictions where probate proceedings were necessary to settle Barfield's estate.

Following Barfield's death, and on Richardson's recommendation, the family conducted a search for a will or estate planning document at Barfield's home in the District of Columbia and at his mother's residence in Florida. The family also searched Barfield's office at Howard University School of Law and both his home and work computers to ascertain whether Barfield had drafted a testamentary document. Additionally, Richardson attempted to locate a will by contacting various banks in the District of Columbia and in Florida to determine whether Barfield had rented a safety deposit box. To date, no will or estate planning document has been located.

Notwithstanding the failure to locate a will despite these efforts, Richardson filed a complaint claiming that Barfield died testate.[3] The complaint alleges that on numerous occasions Barfield had told Richardson that he had prepared a will which named Richardson and Meera Kashyap, a friend of Barfield's who also died in the accident, as co-executors of the will, and Barfield's mother and now-deceased sister as beneficiaries. Richardson further

---

1. Karen B. Sampson, Charmaine B. Sutton and Felicia B. Perkins, daughters of the decedent, and Verdelle B. Cox, mother of the decedent, are the appellees in this case.

2. *See In re Richardson,* 692 A.2d 427 (D.C. 1997) (imposing three-year suspension with reinstatement conditioned upon proof of fitness), *cert. denied,* 522 U.S. 1118, 118 S.Ct. 1056, 140 L.Ed.2d 118 (1998); *Florida Bar v.*

*Richardson,* 604 So.2d 489 (Fla.1992) (granting petition to resign with leave to seek reinstatement after three years in lieu of disciplinary proceedings).

3. Appellees allege that Richardson filed this complaint after Sampson terminated his authority to act on behalf of the family and his attempt to file a petition for probate of Barfield's estate was denied for lack of standing.

alleged that Barfield never indicated to him that he had provided for his children in his estate plan.[4]  On the basis of these representations, Richardson asked the probate court to determine whether a will exists and, if so, whether the original will is lost or destroyed.  In addition, Richardson requested the appointment of a special administrator to protect the assets of Barfield's estate pending appointment of a personal representative.  To demonstrate standing to petition the probate court regarding Barfield's estate, Richardson asserted that he is both the "putative testate personal representative" and a creditor of Barfield's estate.[5]  In the order granting appellees' 12(b)(6) motion and dismissing Richardson's complaint, the probate court queried why Richardson would have filed such a complaint unless he was representing the interests of a client, and noted that if Richardson was advocating for a client, he was in violation of the District of Columbia Court of Appeals decision temporarily suspending his license to practice law.  Richardson filed a motion to reconsider the order dismissing his complaint, which the probate court denied for the same reasons as set forth in the original order.

## II.

■ In reviewing the grant of a 12(b)(6) motion to dismiss a complaint for failure to state a claim, this court applies the same standard as the trial judge, *i.e.* "we accept the allegations of the complaint as true, and construe all facts and inferences in favor of the plaintiff."  *Atkins v. Indus. Telecomm. Ass'n,* 660 A.2d 885, 887 (D.C.1995).  "Because a motion to dismiss a complaint under Rule 12(b)(6) 'presents questions of law, our standard of review for dismissal for failure to state a claim is *de novo.*'"  *Fraser v. Gottfried,* 636 A.2d

430, 432 n. 5 (D.C.1994) (quoting *Johnson–El v. District of Columbia,* 579 A.2d 163, 166 (D.C.1990)).

Richardson makes two principal arguments on appeal.  He contends that the probate court's improper consideration of a matter outside the pleadings, his bar discipline history, prejudiced its decision on the merits.  He also maintains that he alleged sufficient facts to survive a 12(b)(6) motion, both on the issue of standing and on the issue of the existence of a will.

### A.  *Order on Appeal*

■ At the outset, we address the question of which order is on appeal.  On December 12, 1997, Richardson filed a motion to reconsider the November 24, 1997 order dismissing his complaint.  As this motion was filed within 10 days of the court's order,[6] we consider it a Rule 59(e) motion which tolled the time for filing an appeal.  *See Coleman v. Lee Washington Hauling Co.,* 388 A.2d 44, 47 (D.C.1978), *superseded on other grounds by statute as stated in Perry v. Sera,* 623 A.2d 1210 (D.C.1993).  Therefore, Richardson's February 19, 1998 notice of appeal, which was filed within 30 days of the probate court's order denying the Rule 59(e) motion to reconsider, effected a timely appeal from the original order of dismissal.  *See* D.C.App. R. 4(a)(1) (party has 30 days after entry of a judgment or order to file notice of appeal).  Because Richardson initiated this matter by complaint, his motion to reconsider is termed a Super. Ct. Civ. R. 59(e) motion rather than a Super. Ct. Prob. R. 130 motion.  *See* Super. Ct. Prob. R. 130 ("Any person who is aggrieved and participated in the determination of a trial court ... order ... in any matter *not initiated by complaint* ... in a decedent's estate proceeding, may

---

4.  In his brief, Richardson maintains that Barfield had been estranged from his children and that, although their relationship had improved in recent years, it was still distant.

5.  Shortly after Richardson's complaint was filed, appellee Sampson and Dena Reed filed a probate petition and request for appoint-

ment as personal representatives of Barfield's estate.  *See* D.C.Code §§ 20–301, –303, –304 (1997).  The probate court issued their letters of administration, and appellees filed their consent.

6.  *See* Super. Ct. Civ. R. 6.

seek reconsideration thereof ....") (emphasis added); *see also* Super. Ct. Prob. R. 1(f) ("Except where inconsistent with the provisions of the Probate Division Rules ... the Superior Court Rules of Civil Procedure are applicable to proceedings in the Probate Division."). Thus, we review the probate court's original order dismissing Richardson's complaint for failure to state a claim.

■ In the subsequent order denying Richardson's motion to reconsider the dismissal of his complaint, the probate court also addressed appellees' motion for Rule 11 sanctions, requiring additional briefing from Richardson before determining if an evidentiary hearing was necessary. In his brief on appeal, Richardson represents that no further proceedings on the Rule 11 motion had been conducted as of the time the brief was filed. The pendency of the Rule 11 matter does not, however, preclude us from considering Richardson's claims on appeal. *See Weaver v. Grafio,* 595 A.2d 983, 986 (D.C.1991) (because Rule 11 motion is "collateral to" and "separate from" a decision on the merits, an order disposing of all issues except Rule 11 sanctions is immediately appealable) (citation omitted). We therefore turn to the trial court's dismissal of Richardson's complaint for failure to state a claim.

**B.** *Disciplinary record.*

■ Richardson asserts that the probate court's references to his disciplinary record in its order granting appellees' 12(b)(6) motion demonstrate that the court erred in considering matters outside the pleading, thereby converting the motion

into a request for summary judgment without allowing him to supplement the complaint. Super. Ct. Civ. R. 12(b) states in pertinent part:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

In the order dismissing Richardson's complaint, the trial court recognized appellees' reference, contained in their 12(b)(6) motion, to Richardson's suspension from the practice of law in the District of Columbia and Florida, and queried whether Richardson was practicing law without a license. These references to Richardson's disciplinary record suggest that the court was concerned about his unauthorized practice of law, as evidenced by its subsequent referral of Richardson to Bar Counsel.[7] It is clear from the order, however, that the probate court did not rely on this disciplinary information in granting the 12(b)(6) motion, as it fully resolved that matter on the pleadings before "address[ing] another issue that has been illuminated by [appellees]," whether Richardson was practicing law "in contempt of the Court of Appeals suspension order."[8] Moreover, there is nothing in the order to suggest that the court's knowledge of Richardson's disci-

---

7. The probate court's concern that Richardson was practicing law without a license is rooted in the language of appellant's complaint, in which he appears to be advocating for Ms. Cox, the decedent's mother. The probate court's view that Richardson's complaint presents a "questionable situation" is further supported by the fact that it is unclear on what basis Richardson can claim to represent the interests of Ms. Cox, who is one of the appellees in this case.

8. Moreover, the trial court is entitled to take judicial notice of matters of public record, such as Richardson's disciplinary history. *See Shambley v. United States,* 391 A.2d 264, 266 n. 3 (D.C.1978) (taking judicial notice of the fact that fully completed PD–251 forms, reports prepared by police in all criminal cases and which are matters of public record, contain basic identifying information on complaining witnesses); *Taylor v. England,* 213 A.2d 821, 823 (D.C.1965) (taking judicial notice of fact recorded in public records of motor vehicle department).

plinary history in any way tainted its consideration of appellees' 12(b)(6) motion. At the beginning of its analysis, the probate court states the proper 12(b)(6) standard, indicating that a complaint must be dismissed "if it fails to set forth facts which, if credited, would entitle the plaintiff to the relief demanded." *See Fraser, supra*, 636 A.2d at 432 (explaining that a 12(b)(6) motion to dismiss should be granted "only if 'it appears beyond a doubt that [the plaintiff] can prove no set of facts in support of his claim which would entitle him to relief' ") (quoting *McBryde v. Amoco Oil Co.*, 404 A.2d 200, 202 (D.C.1979)) (alteration in original). The probate court then applied this standard to Richardson's complaint and found it lacking, not because appellant appeared to be advocating for a client, but because he failed to allege facts sufficient to establish either his own standing or the existence of a will. Because the probate court did not err in considering information outside the pleadings, it properly proceeded under Rule 12(b)(6), and did not need to provide Richardson an opportunity to present additional material under Rule 56 before deciding to dismiss the complaint.

## C. *Dismissal of the complaint.*

The trial court dismissed the complaint because it determined that Richardson had no standing to bring the complaint as he did not allege facts indicating that he was a "party in interest" with regard to the Barfield estate. The trial court also concluded that Richardson failed to allege facts sufficient to support his claim that there was a lost or destroyed Barfield will and that there was need for a special administrator.

9. Richardson claims standing pursuant to Super. Ct. Prob. R. 15(a). However, Super. Ct. Prob. R. 15(a) applies only to "estates of decedents dying before January 1, 1981." Super. Ct. Prob. R. 1(c). Because Barfield died in 1997, the applicable rule is Super. Ct. Prob. R. 407(a).

### 1) *Standing.*

██ Richardson's claim of standing to file a complaint on behalf of the Barfield estate arises from his assertion that he is a "real party in interest" in matters pertaining to the estate. According to Super. Ct. Prob. R. 407(a): [9]

> [a]n action to contest the validity of a will in accordance with D.C.Code § 20–305, or to contest a petition for the appointment of a personal representative or to remove a personal representative who has been appointed, ... or to construe a will prior to approval of a supervised personal representative's final account ... or any other complaint filed in the Probate Division, may be commenced *by any party in interest* by filing a verified complaint with the Register of Wills. [10]

(Emphasis added). An "interested person" is defined as:

> (A) any person named in the will to serve as personal representative, until the appointment of a personal representative; (B) a personal representative ... [or] (E) any creditor of the decedent ... who has timely presented a claim in excess of $500 that has not been barred or discharged.

D.C.Code § 20–101(d)(1). To support his claim that he comes within the definition of an "interested person," Richardson maintains that he is the "putative testate personal representative" for Barfield's estate. The statute does not, however, recognize "putative" personal representatives under an unknown will. Richardson must show either that Barfield's will named him or that the probate court appointed him as the personal representative. Richardson can show neither because, other than his mere assertion that Barfield intended him to act as personal representative, he of-

10. Although a complaint to contest the validity of a will may be filed by "any person," pursuant to D.C.Code § 20–305, Richardson does not contest the *validity* of a will, but instead disputes that Barfield died intestate. In other words, Richardson contests the *existence* of a will, a fact which must be established before a will's validity can be debated.

fered no evidence that a will exists, nor could he claim that the court appointed him as personal representative. *See* D.C.Code § 20–302(b) ("[N]o person shall exercise the powers or assume the duties of a personal representative unless he has been appointed by the Court."). Thus, Richardson does not qualify as an "interested person" under D.C.Code § 20–101(d)(1)(A) or (B), and has no standing to contest the disposition of Barfield's estate.

■ Richardson also claims that he has standing under D.C.Code § 20–101(d)(1)(E) as a "creditor" of Barfield's estate, but provides little factual support for this contention. He alleges only that he loaned the decedent an IBM Correcting Selectrix Typewriter which was not returned at decedent's death.[11] Even assuming that the typewriter claim could be construed as a debt, without some assertion that the typewriter's value exceeded $500, his claim that he is an interested person within the meaning of § 20–101(d)(1) because he is a "creditor" of Barfield's estate is fatally flawed. *Cf. Naylor v. Mealy,* 62 U.S.App.D.C. 321, 322, 67 F.2d 693, 694 (1933) (mere assertion, without factual support, that plaintiff is decedent's next of kin is a "conclusion of law" insufficient to preclude a motion to dismiss). Although Richardson maintains that any creditor of an estate, regardless

of the value of the debt, is an interested party with standing in probate proceedings, the relevant statute does not support this claim. *See* D.C.Code § 20–101(d)(1)(E) (defining an "interested person" as a creditor who has presented a claim in excess of $500). Therefore, the probate court did not err in concluding that Richardson had no standing as a "creditor" of the Barfield estate.[12]

#### 2) *Existence of a will.*

■ Richardson further alleges that the trial court erred in dismissing his complaint because, as he argues, it was legally sufficient to survive a 12(b)(6) challenge. As Richardson has no standing to bring this complaint in the first instance, see part C.1, *supra,* the issue of whether the complaint is legally sufficient is moot. Assuming, *arguendo,* that Richardson did have standing with regard to Barfield's estate, the trial court did not err in holding that Richardson's complaint "fail[ed] to set forth facts which, if credited, would entitle [him] to the relief demanded ." Richardson maintains that he is a co-executor of Barfield's lost or destroyed will, but provides no factual support for this claim other than relaying alleged conversations he had with Barfield regarding the decedent's estate plan. Appellant neither provides a copy of the alleged will, nor offers facts to suggest

11. Richardson's typewriter claim is not part of the original complaint, but the court's order dismissing the complaint indicated that appellant made this argument in his opposition to the motion to dismiss his complaint. Noting that the typewriter is a "minor item," the statement was not made under oath, and Richardson did not amend his complaint to include this information, the court concluded that Richardson was not a "creditor" within the meaning of D.C.Code § 20–101(d)(1)(E).

12. In Richardson's complaint, he also requests the appointment of a special administrator pursuant to D.C.Code § 20–531, which provides in pertinent part:

[u]pon the filing of a petition *by an interested party, [or] a creditor* ..., the Court may appoint a special administrator ... when the appointment is necessary to protect property prior to the appointment and qualification of a personal representative ....

D.C.Code § 20–531(a) (emphasis added). As stated in the text, Richardson is not an "interested person" within the meaning of the statute, nor, as the trial court noted, does he allege sufficient facts to show that he is a "creditor" of the estate for purposes of § 20–101(d)(1). We need not decide whether the term "creditor" as used in § 20–531 is defined in a manner different than for § 20–101(d)(1). The appointment of a special administrator was no longer "necessary" at the time the probate court granted the motion to dismiss because it had appointed co-appellee Sampson, the decedent's daughter, and Dena Reed as personal representatives while the motion to dismiss was still pending. *See* D.C.Code § 20–531(a) ("[T]he Court may appoint a special administrator ... when the appointment is necessary to protect property *prior to* the appointment and qualification of a personal representative ....") (emphasis added).

that a will was duly executed.[13] *See Clark v. Turner,* 87 U.S.App.D.C. 54, 55, 183 F.2d 141, 142 (1950) (proponent of lost will must establish existence of will and that will was duly executed); R.D. Hursh, Annotation, *Proof of Due Execution of Lost Will,* 41 A.L.R.2d 393, 410 (1955) (noting "generally accepted principle" that in an action to establish a lost will, declarations of the testator are inadmissible absent corroboration of other evidence on the issue of due execution). Moreover, even assuming that Richardson had established due execution of a will, he offers no facts to rebut the presumption of revocation which arises when a will, known to be in existence during the testator's lifetime, is not found at the testator's death. *See Clark, supra,* 87 U.S.App.D.C. at 55, 183 F.2d at 142 (to rebut presumption of revocation, proponent of lost will must show either that will was in existence at time of decedent's death or that testator intended that will remain in force); *Webb v. Lohnes,* 69 U.S.App.D.C. 318, 322, 101 F.2d 242, 245 (1938) (evidence insufficient to support claim that decedent died testate when alleged will was in control of decedent until death and no witness claimed to have seen will or heard from decedent that it was still in existence at time of death).[14] Absent facts sufficient to support the existence of a will and to rebut the presumption of revocation, the trial court did not err in concluding that Richardson's complaint was legally insufficient.

For the foregoing reasons, the probate court's dismissal of Richardson's complaint pursuant to Super. Ct. Civ. R. 12(b)(6) is

*Affirmed.*

---

**13.** Under D.C.Code § 18–103 (1997), a will is duly executed in this jurisdiction when it is

  (1) in writing and signed by the testator, or by another person in his presence and by his express direction; and

  (2) attested and subscribed in the presence of the testator, by at least two credible witnesses.

---

**14.** Further, the proponent of a lost will must prove the contents of the will "with reasonable certainty." *Clark, supra,* 87 U.S.App. D.C. at 55, 183 F.2d at 142. Here, Richardson offers nothing more than vague assertions, allegedly made by the decedent, that his mother and now deceased sister were the main beneficiaries of his estate.